NICK MIKALACKI CONSTRUCTION COMPANY, APPELLANT, *v.* M.J.L. TRUCK SALES, INC., APPELLEE.

(No. 1484 — Decided July 30, 1986.)

*Scott R. Stefl,* for appellant.
*Jeffrey L. Bramley,* for appellee.

GEORGE, J. Plaintiff-appellant, Nick Mikalacki Construction Company ("Mikalacki"), appeals the order of the trial court granting summary judgment to defendant-appellee, M.J.L. Truck Sales, Inc. ("M.J.L.").

In June 1985, Nick Mikalacki, president of Nick Mikalacki Construction Company, went to M.J.L. to look at a used dump truck M.J.L. had advertised in a construction trade publication. The truck was advertised as having a rebuilt engine. Mr. Mikalacki took the truck for a test drive but was dissatisfied with the truck's steering. After M.J.L.'s mechanic corrected the steering problems, Mr. Mikalacki took the truck for another test drive and, upon being satisfied with its performance, signed a contract to purchase it.

The contract contained no express warranties or any guarantees but did contain the following language:

"Sold 'As Is'

"I hereby make this purchase and accept this Used Truck knowingly without any warranty whatsoever, expressed or implied by our Co. or its agents.

"This Order comprises the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized* * *."

Each of the clauses quoted above was separately acknowledged by Mr. Mikalacki's signatures. After driving the truck only a short distance, Mr. Mikalacki experienced engine trouble. He immediately contacted M.J.L. M.J.L. told him that it was willing to pay fifty percent of the costs of fixing the truck and would start working on it the following week. Mr. Mikalacki rejected M.J.L.'s offer and had the truck repaired himself.

Mikalacki brought an action against M.J.L. alleging breach of implied and express warranties and breach of contract. M.J.L. filed a mo-

tion for summary judgment based on the "as is" disclaimer contained in the purchase agreement. The trial court assigned the matter to a referee. The referee issued a report recommending that M.J.L.'s motion be granted. Mikalacki filed objections and a motion for leave to amend its complaint by adding a negligence count.

The trial court overruled Mikalacki's objections and adopted the referee's recommendation. Two weeks later the trial court overruled the motion for leave to amend the complaint. This court affirms.

Assignments of error one through four will be addressed together.

Assignments of Error I through IV

"I. The trial court erred in concluding that defendant/appellee excluded all implied warranties of merchantability including both known and unknown defects.

"II. The trial court erred in granting summary judgment for appellee because there were genuine issues of material fact upon which reasonable minds could differ.

"III. The trial court erred in concluding that the burden of proof was upon plaintiff/appellant in order to prevail against defendant/appellee's motion for summary judgment.

"IV. The trial court erred by granting summary judgment without ruling on appellant's breach of contract allegation."

R.C. 1302.29 (exclusion or modification of warranties) states in pertinent part:

"(C) Notwithstanding division (B) of this section:

"(1) unless the circumstances indicate otherwise all implied warranties are excluded by expressions like 'as is,' 'with all faults,' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty* * *[.]"

Mikalacki first argues that the absence of the word "merchantability" from the "as is" clause in question renders the clause ineffective to exclude the implied warranty of merchantability. The requirement that a disclaimer contain the term merchantability is found in R.C. 1302.29(B). However, subsection (C) of the same statute, quoted above, contains the prefatory phrase "Notwithstanding division (B) of this section." Therefore, an "as is" disclaimer does not have to contain the term merchantability. See Official Comment 6 to R.C. 1302.29.

Mikalacki's next contention is that its understanding of the term "as is" was that it was only accepting the vehicle defects of which it had actual knowledge. It relies on the phrase "unless the circumstances indicate otherwise" contained in subsection (C)(1) in support of its contention that the "as is" clause is ineffective because of its misunderstanding of the clause's effect.

An "as is" clause is not effective to waive warranties when the circumstances are such that the clause would not give the buyer reason to know that he was surrendering a warranty. 3 Anderson, Uniform Commercial Code (3 Ed. 1983) 371, Section 2-316:72. Anderson lists three specific instances when inconsistent circumstances are to be regarded as indicating that an "as is" clause is not intended to waive warranties. They are "when the goods (1) are new rather than used goods, (2) the contract declares the buyer accepts the goods 'in good condition,' (3) and for many years it was both the custom of the trade and the prior course of dealings between the parties for the seller to repair any mechanical defect." (Footnote omitted.)

The instant case does not fall into any of the specific situations set out

above. The purchase contract did not contain any language concerning the used truck's condition. In fact, the contract contained an integration clause indicating that the parties' entire agreement was contained within the four corners of the contract. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined" under Civ. R. 56(C). *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321, 322, 15 OBR 448, 449, 474 N.E. 2d 271, 272. All that was left for the trial court to do was to interpret the meaning of the term "as is" contained in the parties' agreement. Official Comment 7 to R.C. 1302.29 explains the meaning of terms such as "as is":

"* * *Such terms in ordinary commercial usage are understood to mean that the buyer takes the entire risk as to the quality of the goods involved. The terms covered by paragraph (1) are in fact merely a particularization of paragraph (3) which provides for exclusion or modification of implied warranties by usage of trade."

See, also, *Ins. Co. of North America* v. *Automatic Sprinkler Corp.* (1981), 67 Ohio St. 2d 91, 94, 21 O.O. 3d 58, 59-60, 423 N.E. 2d 151, 154.

Mikalacki also contends that the referee appointed to make a recommendation on M.J.L.'s motion for summary judgment employed the wrong standard. This court notes that the referee's report contains some improvident language referring to the parties' respective "burdens of proof." However, neither the report of the referee, nor the trial court's ultimate judgment, indicates that either weighed the evidence. Further, summary judgment was appropriately granted as a matter of law on the parties' contract alone. *Inland Refuse Transfer Co., supra.*

Mikalacki's last contention regarding the granting of summary judgment is that the trial court failed to rule on the breach of contract count of its complaint. There is no merit to this contention. In expressly finding that all warranties of any kind were excluded by the "as is" clause, the trial court also disposed of Mikalacki's breach of contract theory. Accordingly, for the foregoing reasons, assignments of error one through four are overruled.

### Assignment of Error V

"The trial court erred in refusing to grant appellant's motion to amend."

Mikalacki made a motion to amend its complaint when it filed objections to the referee's report. The trial court treated the motion as one filed pursuant to Civ. R. 15(B) (amendments to conform to the evidence). However, Civ. R. 15(B) allows amendments to pleadings so as to conform to issues expressly or impliedly tried by the parties. The instant case was never tried but was disposed of through summary judgment.

Even though Mikalacki's motion to amend is more accurately characterized as a Civ. R. 15(A) motion, this court finds no abuse of discretion by the trial court in denying it. In seeking leave to amend a complaint, there must be at least a *prima facie* showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant. *Solowitch* v. *Bennett* (1982), 8 Ohio App. 3d 115, 8 OBR 169, 456 N.E. 2d 562, paragraph one of the syllabus. The trial court could have reasonably concluded that Mikalacki did not make this *prima facie* showing and the motion was therefore properly denied. Accordingly, the assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

MAHONEY, P.J., dissents.

MAHONEY P.J., dissenting. The used truck in question was advertised as having a rebuilt engine. It was the purchaser's reasonable understanding that the engine was properly rebuilt. The express representation of the seller, that the engine was rebuilt, is a circumstance which is inconsistent with an "as is" clause. The buyer in this case would not have any reason to know that it was waiving warranties covering the engine. I would hold that the "as is" clause in the instant case was not effective to waive implied warranties as to the engine, and reverse the judgment of the trial court.