DECISION AND JUDGMENT ENTRY
Appellee purchased a used car from the appellant, a used car dealer. Before she had driven more than seven miles from the lot, the car's battery fell into the engine. Appellee sued appellant for damages in Circleville Municipal Court, Small Claims Division. The trial court, finding the appellant in violation of the Consumer Sales Practices Act, awarded $450 in damages to appellee. Appellant appeals this decision of the trial court.
We find that the trial court erroneously relied upon Ohio Adm. Code109:4-3-16 (B)(22), to find that the sales contract between the parties was required to include a warranty disclosure statement. Nonetheless, we affirm the decision of the trial court. The record supports appellee's contention at trial that appellant failed to display the warranty disclosure statement, or "buyers guide," required by Section 455.2, Title 16, C.F.R. The record, therefore, supports the finding by the trial court that appellant engaged in an unfair trade practice, as described in and prohibited by R.C. 1345.02, thereby properly allowing appellee to prevail on her claim for damages under R.C. 1345.09 (A). On this basis, we affirm the judgment of the trial court.
 STATEMENT OF THE CASE
Appellee Dianne S. Buskirk purchased an automobile from Star Brite, a used car sales lot in South Bloomfield, Ohio, owned by appellant Don Harrell. Appellee took possession of the automobile, a 1989 Plymouth Voyager van with 147, 211 miles on the odometer, on February 3, 1999. She drove the van approximately seven miles, when the van's battery slipped off the battery tray and dropped into the engine compartment, damaging the automobile and rendering it inoperable.
On April 26, 1999, appellee filed a complaint in the Circleville Municipal Court, Small Claims Division, seeking damages of $450 from appellant. A magistrate heard the matter on May 14, 1999, although appellant was not present at this hearing. The magistrate recommended that the trial court grant judgment in the amount of $450 to appellee, as demanded in her complaint.
Appellant sought a rehearing on this matter, claiming that he did not receive proper notice of the time and place of hearing. On August 6, 1999, with both parties present, the trial court heard appellant's motion. At this hearing, the trial court requested both parties to briefly outline their respective positions. The trial court determined that the central issue before it was whether, or not, appellant properly notified appellee that the automobile was offered "as is," and with no warranty. Accordingly, the trial court granted, in part, appellant's motion for rehearing and directed the parties to present evidence on this sole issue at the next hearing.
At the hearing of this matter on August 27, 1999, appellee claimed appellant did not inform her that he was selling the car "as is." In rebuttal, appellant presented the sales agreement for purchase and sale of the subject vehicle, signed January 21, 1999, by appellee. This form sales agreement contained the following language, prominently printed in capital letters:
 THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.
Appellant also submitted a copy of what purported to be the "window form" for the Plymouth Voyager van. That form had a printed box clearly marked to indicate that the automobile was sold "AS IS — NO WARRANTY," with this latter warning in large type. Appellant testified and called a number of other witnesses on his behalf, including his wife and certain other employees of his business. Appellant argued that the normal practice at his business was to post this window form on a side window, or to hang it in the front window, of all cars offered for sale on his lot.
Appellee and her husband both testified that they saw no such window form in the Plymouth Voyager on the days they inspected the automobile prior to appellee's purchase of this automobile. Nor did appellee remember receiving a copy of this form after her purchase of the automobile in question. Appellee's husband submitted photographs, taken on two different days subsequent to the August 6, 1999 hearing, of various automobiles offered for sale on the Star Brite lot. None of the automobiles pictured in these photos appeared to have window forms posted in the windows.
By entry released September 20, 1999, the trial court found for the appellee. The trial court found that the "Buyer's Guide," or window form, was clearly marked to indicate that the automobile was offered "as is" and without any warranty. The court concluded that this window form or sticker was sufficient notice to any potential buyer that they purchased the automobile at their own risk. Hence, this notice would have been sufficient to alert the appellee that appellant had no further duty to repair the automobile after she took possession.
However, the trial court further found that the evidence conflicted as to whether this "Buyer's Guide" was posted in the 1989 Plymouth Voyager when appellee inspected that automobile. The court also found that the sales contract was silent as to the nature of any warranty. The existence of a warranty, the court concluded, was a "material representation" that should have been included in the sales contract under Ohio Adm. Code 109:4-3-16 (B)(22). Therefore, because the contract was silent as to whether, or not, there was a warranty on this automobile, the court found a deceptive sales practice under this rule. The trial court granted judgment to appellee on her claim, adopting the magistrate's findings as to damages.
Appellant timely filed his appeal. From his brief, we discern a single assignment of error:
 A RULING THAT A CUSTOMER CAN CLAIM A WARRANTY WAS PRESENT OR REPAIRS WERE DONE WITHOUT EVIDENCE WOULD PUT ALL CAR DEALERS OUT OF BUSINESS.
 OPINION I
Appellant raises four issues. First, he argues that under Ohio law, there is no warranty on the sale of used personal property unless specifically expressed, or implied, by the contract of sale. He notes that the sales contract, signed by appellee, states that the "[p]urchaser agrees that this Order includes all the terms and conditions on the face hereof" and that the printed sales contract "comprises the complete and exclusive statement of the terms of the agreement" between the parties. Therefore, since nothing on the face of the agreement created a warranty on this automobile, appellant argues that the trial court erred as a matter of law by, in effect, creating an implied warranty through its ruling in this case.
Appellant next argues that the "as is" statement on the window form is part of the contract. He relies upon the language that we quoted above, that stated that the information on the window form is part of the contract and supercedes any contrary provision on the face of the contract. Hence, appellant argues that the trial court misapplied Ohio Adm. Code 109:4-3-16 (B)(22), to find the use of this contract was a deceptive sales practice.
Appellant argues that the evidence submitted at trial does not support the findings by the trial court. Appellant argues that testimony of his witnesses established that the window form or "sticker" was in the window of the van at the time that appellee inspected the automobile. Finally, appellant argues that the appellee failed to support her claim for damages with receipts, repair estimates or other documentary evidence.
 II
Normally, the contract for the sale of goods implies a warranty where the seller is a merchant with respect to goods of that kind. See Section 3-214 of the Uniform Commercial Code (UCC), codified at R.C. 1302.27, as well as R.C. 1302.27 (B)(3), which provides that goods are "merchantable" when they are fit for the ordinary purposes for which such goods are used. Where a buyer relies upon a merchant's skill or judgment in selecting goods for a particular purpose, there is an implied warranty that the goods are fit for such purpose. See UCC Section 2-315; R.C. 1302.28.
Used goods may be subject to these implied warranties of merchantability and fitness unless specifically precluded in accordance with UCC Section 3-216; R.C. 1302.29. See Centennial Ins. Co. of NewYork v. Vic Tanny Internatl. of Toledo, Inc. (1975), 46 Ohio App.2d 137,141, 346 N.E.2d 330, 335-336. Normally, the contract between the parties may specifically exclude or modify the implied warranties of merchantability and of fitness, but the contract language must meet the criteria set forth in R.C. 1302.29 (B) to effectively do so. ChemtrolAdhesives, Inc. v. Am. Mfrs. Mut. Ins. Co. (1989), 42 Ohio St.3d 40, 55,537 N.E.2d 624, 638. Otherwise, to exclude or disclaim this implied warranty, the written contract must conspicuously exclude the warranty using language such as "as is," "with all faults," or "no warranties beyond the face of this document." See R.C. 1302.29 (C). Terms such as "as is" in ordinary commercial usage are understood to mean that the buyer takes the entire risk as to the quality of the goods involved.Schneider v. Miller (1991), 73 Ohio App.3d 335, 339, 597 N.E.2d 175, 178,
Appellant argues that the language of the sales contract limiting the extent of the agreement between the parties to the "terms and conditions on the face hereof" prevented the creation of any implied warranty on this automobile. It has been held that an "integration clause," which provides that the entire agreement between the parties is contained within the four corners of the contract, is effective to waive any implied warranty on the sale of a used automobile. Schneider, supra, citing Nick Mikalacki Constr. Co. v. M.J.L. Truck Sales, Inc. (1986),33 Ohio App.3d 228, 515 N.E.2d 24.[2]
However, implied warranties may also be effectively disclaimed by "as is" language in a sales contract. The Supreme Court of Ohio has held that a "where is as is" clause contained in the purchase order form for a forty-seven foot boat could preclude a claim based on implied warranty. Maritime Manufacturers, Inc. v. Hi-Skipper Marina
(1985), 19 Ohio St.3d 93, 94-95, 483 N.E.2d 144, 146. See, also,Burton v. Elsea, Inc. (Dec. 27, 1999), Scioto App. No. 97CA2556, unreported (sales contract for mobile home).
Appellant argues that the sales contract included by reference a "window form," which included this "as is" language disclaiming any warranty. Appellant submitted at trial, as an exhibit, a copy of this window form, which he claimed his company posted in the 1989 Plymouth Voyager van. This pre-printed form clearly indicates that appellant offered the automobile "as is" with "no warranty." If posted in the van, as claimed by the appellant, this window form would have been sufficient under the UCC to alert appellee that she was purchasing the van at her own risk. However, we find that the trial court did not base its decision on the existence of an implied warranty under the UCC. The trial court based its decision, not on the provisions of the Uniform Commercial Code, but instead on the provisions of the Consumer Sales Practices Act.
 III
From the record, it appears that the trial court initially considered the case below as one involving the breach of an implied warranty under the UCC. However, in its judgment entry, the trial court utilized a different legal basis to resolve the issues before it. The court found that appellant had breached Ohio's Consumer Sales Practices Act, specifically, Ohio Adm. Code 109:4-3-16 (B)(22). We agree with the conclusion of the trial court that the case below involved a deceptive act or practice" as set forth by R.C. 1345.02 (A). We disagree, however, with the application of the cited administrative rule in this case, to find that this sales contract was the "deceptive act."
The Consumer Sales Practices Act [hereinafter CSPA] is set forth in Revised Code Chapter 1345. The Supreme Court has endorsed a broad and liberal construction of the CSPA stating:
 The Consumer Sales Practices Act prohibits unfair or deceptive acts and unconscionable acts and practices by suppliers in consumer transactions * * * [it] is a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11.
Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933, 935.
Under the act, a "consumer" is a person who engages in a consumer transaction with a "supplier." R.C. 1345.01 (D). R.C. 1345.01 (A) defines a "consumer transaction" as a sale of goods to an individual for purposes that are primarily personal. A "supplier" includes any person engaged in the business of effecting or soliciting consumer transactions. R.C. 1345.01 (C). The consumer need not prove that the supplier intended to commit an unfair or deceptive act to establish a violation of the CSPA, but only that such an act was committed. Estep v. Johnson (1998),123 Ohio App.3d 307, 319, 704 N.E.2d 58, 66. R.C. 1345.09 provides that after a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to seek relief. Where the violation was an act prohibited by R.C. 1345.02, the consumer may rescind the transaction, or bring an action for recovery of damages. See R.C. 1345.09
(A).
Under R.C. 1345.02 (A):
 No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
Under R.C. 1345.05 (B)(2), the Attorney General may "[a]dopt, amend, and repeal substantive rules defining with reasonable specificity acts or practices that violate sections 1345.02 and 1345.03 of the Revised Code." Hence, the Attorney General of Ohio adopted Ohio Adm. Code 109:4-3-16
to implement and define various deceptive acts and trade practices by automotive dealers in the advertising and sale of automobiles, pursuant to this delegated authority contained in R.C. 1345.05 (B). The pertinent section of the rule reads as follows:
 (B) It shall be a deceptive and unfair act or practice for a dealer, * * * in connection with the advertisement or sale of a motor vehicle, to:
* * *
 (22) Fail to integrate into any written sales contract, all material statements, representations or promises, oral or written, made prior to obtaining the consumer's signature on the written contract with the dealer;
* * *.
The burden is placed on the automobile dealer to integrate in the final contract "all material statements, representations or promises, oral or written." Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326,336, 676 N.E.2d 151, 158.
The trial court found that whether or not appellant offered a warranty on this van was a "material representation." The trial court interpreted this administrative rule to find that the body of the Star Brite sales contract must include specific language that either set forth the terms of any warranty, or specifically disclaimed the existence of any warranty. The court held the use of the separate window form, or "sticker," violated this rule, and constituted an unfair and deceptive sales practice under the CSPA.
We find that the trial court has misinterpreted Ohio Adm. Code 109:4-3-16
(B)(22). Application of this interpretation of the Ohio rule to future transactions would result in a violation of specific rules issued by the Federal Trade Commission. This administrative rule amplifies the provisions of R.C. 1345.02. We quoted R.C. 1345.02 (A) above. We note, at R.C. 1345.02 (C), that the General Assembly provides specific instructions to this court as follows:
 In construing division (A) of this section, the court shall give due consideration and great weight to federal trade commission orders, trade regulation rules and guides, and the federal courts' interpretations of subsection 45 (a)(1) of the "Federal Trade Commission Act," 38 Stat. 717 (1914), 15 U.S.C. 41, as amended.
Reviewing federal law and regulations controlling this area of commerce, we find that the U.S. Congress specifically directed the Federal Trade Commission to prescribe rules "dealing with warranties and warranty practices in connection with the sale of used motor vehicles." See the Magnuson-Moss Warranty Act, at 15 U.S.C. § 2309
(b). These Federal Trade Commission rules appear in Title 16 of the Code of Federal Regulations as Part 455 of that title. Section 455.1 (b), Title 16, C.F.R., provides the following:
 It is an unfair act or practice for any used vehicle dealer, when that dealer sells or offers for sale a used vehicle in or affecting commerce as commerce is defined in the Federal Trade Commission Act:
 (1) To fail to disclose, prior to sale, that a used vehicle is sold without any warranty; and
 (2) To fail to make available, prior to sale, the terms of any written warranty offered in connection with the sale of a used vehicle.
(Emphasis in the original.)
Section 455.2, Title 16, C.F.R., provides for a "window form," called a "Buyer's Guide" in the text of the rule, to be prominently posted in or on any used vehicle offered for sale. This "Buyers Guide" is to contain the terms of any warranty offered on this vehicle, or, if offered for sale as is, a statement that there is no warranty on the vehicle. The rule specifically defines the type size, type styles, capitalization, punctuation and wording of all headings and text shown on the form. The rule contains a reduced copy of this two-sided form.
Appellant supplied the trial court with a copy of the window form that he claimed was posted in the van. While the record contains only the front part of this "window form" (the portion with the warranty disclosure language), the form appears to meet the requirements of the above-cited rule.
The federal rules instruct the seller to supply either the original form, or a copy, to the buyer at the time of the sale of the vehicle, Section 455.3 (a), Title 16, C.F.R. Under Section 455.3 (b), Title 16, C.F.R., we find the following language:
 Incorporated into Contract. The information on the final version of the window form is incorporated into the contract of sale for each used vehicle you sell to the consumer. Information on the window form overrides any contrary provisions in the contract of sale. To inform the consumer of these facts, include the following language conspicuously in each consumer contract of sale:
 The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Section 455.3 (b), Title 16, C.F.R., emphasis as in the original.
The sales contract between Star Brite and the appellee clearly complies with this rule.
The trial court interpreted Ohio Adm. Code 109:4-3-16 (B)(22) to find that this warranty disclosure language constituted a "material statement" requiring appearance on the face of the sales contract. In order to adopt the trial court's interpretation of the Ohio rule, we would be required to ignore the clear language of the federal trade rules. The federal rule, Section 455.3 (b), Title 16, C.F.R., supra, clearly indicates that the warranty disclosure on the window form overrides any contrary information in the sales contract. The rule also requires specific language in the sales contract incorporating the window form as part of that contract.
R.C. 1345.02 (C) specifically directs us to give great weight to Federal Trade Commission rules. Hence, we find that Section 455.3 (b), Title 16, C.F.R., must prevail over this contrary interpretation of the administrative rule by the trial court. We find, therefore, that the trial court erroneously applied Ohio Adm. Code 109:4-3-16
(B)(22) to find a violation of the CSPA in this action.
This finding, however, does not mean that we find that the federal rules would always prevail to protect a used car dealer from any claims arising from an implied warranty created under the more general terms of the UCC. We do find, however, in the case sub judice, that the trial court correctly found that the facts of this case supported a claim based on a violation of the CSPA, rather than an implied warranty claim arising under the UCC. While the trial court erred in its legal interpretation of Ohio Adm. Code 109:4-3-16 (B)(22), we find that the federal regulations and Ohio law, nonetheless support its finding of a CSPA violation by appellant.
A failure to post the window form, the "Buyers Guide," in the window of this van was a "deceptive act" under Section 455.1 (b), Title 16, C.F. R. The General Assembly directs us to give this trade regulation "great weight." R.C. 1345.02 (C). The failure to post a window form, therefore, must be deemed a "deceptive act" in violation of the CSPA under R.C. 1345.02
(A).
Even if a trial court has stated an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct for another reason. Jackson v. Ohio Bur. of Workers' Comp. (1994),98 Ohio App.3d 579, 585, 649 N.E.2d 30, 34. Appellant failed to attend the magistrate's hearing in this matter. Instead, he objected to the decision of the magistrate, and moved for a new hearing. At the motion hearing on August 6, 1999, the trial court partially granted appellant's motion for a new hearing. The trial court found the sole issue requiring determination at this hearing to be whether, or not, this window form was available for inspection by appellee when she inspected the 1989 Plymouth Voyager on the Star Brite lot. After hearing the testimony of the parties and their witnesses on August 27, 1999, the trial court found that the appellee successfully established a violation of the CSPA by appellant. Therefore, the court allowed appellee to recover on her claim for damages, under R.C. 1345.09 (A), and adopted the findings of the magistrate as to the amount of those damages. We find this decision was appropriate because the trial court ultimately reached the right conclusion, even though it may have done so for the wrong reasons. See,Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172,174, citing Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284, 58 N.E.2d 658, 663.
 IV
Appellant's third argument questions the weight of the evidence submitted at trial, to support a finding that he did not post this window form. Appellee insisted that she neither saw the window form in the window of the Plymouth van, nor received a copy of this form when she signed the sales agreement. Appellant and his employees testified that standard practice was to post this form in every automobile before offering that automobile for sale on the Star Brite lot. They would either attach the form to a side window, or hang the form on the rear view mirror. Appellee's husband, however, submitted several photos taken on the Star Brite lot. None of the automobiles in these photos appeared to have these window forms, the "buyers guide," posted in a window. The trial court found that window "stickers" were not consistently placed in vehicles shown on the Star Brite lot.
As a reviewing court, we will reverse a factual finding of the trial court only if we find it is against the manifest weight of the evidence.Vargo v. Clark (1998) 128 Ohio App.3d 589, 594, 716 N.E.2d 238, 242. We presume that the factual findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
The trial court found that appellant violated the CPSA by failing to disclose that he did not offer a warranty on this 1989 Plymouth Voyager van. A failure to disclose that a used vehicle is offered for sale without any warranty is a "deceptive act or practice" under Section 455.1 (b) Title 16, C.F.R. Proper disclosure by the dealer requires the display of the window form, Section 455.2, Title 16, C.F.R. A failure to follow these rules establishes a deceptive sales practice under R.C. 1345.02 (A).
Despite appellant's claims to the contrary, the uncontroverted photographic evidence offered by the appellee indicates that appellant's used car dealership did not consistently place these window forms, or "buyers guide" stickers, in automobiles offered for sale on his lot. Hence, we find that the judgment of the trial court, finding a violation of the CSPA, is supported by competent, credible evidence going to all the essential elements of the case. Therefore, we find that the judgment of the trial court is not against the manifest weight of the evidence.
Accordingly, appellant's argument, that the manifest weight of the evidence does not support a finding of a CSPA violation, is found to be without merit.
 V
Appellant also argues that the damage award to appellee is against the weight of the evidence. He argues that the appellee did not support her claim with receipts, repair estimates or other documentary evidence. A magistrate originally heard appellee's claim in this matter, including the damage amount sought. However, appellant did not appear for that hearing before the magistrate. Appellant claimed lack of notice and moved for a rehearing. Our record includes a transcript of the motion hearing of August 6, 1999, where the trial court partially granted appellant's motion for a new hearing, as well as a transcript of that hearing on August 27, 1999. We note, however, that when the trial court granted appellant a rehearing in this matter, the court limited that new hearing to the sole issue of whether or not appellee could establish a violation of the CSPA.
First, appellant has not supplied us with a transcript of the hearing before the magistrate. Without the transcript of the magistrate's hearing, we are unable to determine whether or not appellee adequately supported her claim for damages at that hearing. An appellant's failure to complete the record is generally fatal in cases where the assignment of error concerns the sufficiency or manifest weight of the evidence, and a complete transcript is, thus, necessary for meaningful review.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617, 621. Where there is an absence of an adequate record of the magistrate's hearing for review, a court of appeals must "presume regularity of the [trial] court's judgment based on the referee's report and recommendations."Chaney v. East (1994), 97 Ohio App.3d 431, 436, 646 N.E.2d 1138, 1141.
Second, the record is clear that if the appellee established a violation of the CSPA at this new hearing, the trial court intended to adopt the magistrate's decision on the issue of damages. Appellant did not object to this ruling by the trial court at the motion hearing. Generally, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal. Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629, 630. The failure to timely raise this issue before the trial court also waived the issue for the purposes of appeal. Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 436, 659 N.E.2d 1232, 1240.
Hence, at the hearing on August 27, 1999, in accordance with the trial court's ruling at the August 6, 1999 motion hearing, the appellee had the burden of proof only on her underlying CSPA claim. She was not required to supply further proof of her damages. Appellant effectively waived any appeal he may have had to this procedure by failing to raise his objections at trial. Because appellant failed to supply us with a transcript of the magistrate's hearing, we must find that this damage award is supported by the manifest weight of the evidence.
Accordingly, we OVERRULE appellant's assignment of error and AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Circleville Municipal Court, Small Claims Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment Only.
Kline, P.J.: Dissents.
 ______________________________ David T. Evans, Judge
[2] But see Leal v. Holtvogt (1998), 123 Ohio App.3d 51, 702 N.E.2d 1246, which insists that the "as is" clause, not the integration clause, limited any warranty. Both Schneider and Mikalacki cases included "as is" clauses.