ANDERSON, Justice (dissenting).
The question presented in this appeal turns on the meaning of the phrase "in the presence of a minor." Because the common and ordinary meaning of "presence" requires a shared physical location between the defendant and the minor, and there was no shared physical location here, I would reverse the convictions. The court's contrary conclusion-that a photograph sent via a text message satisfies physical presence-does not square with relevant dictionary definitions or rules of grammar. And the conclusion is not consistent with the common and ubiquitous use of texting (and other means of electronic transmission) to send photographs of family members, athletic events, and other daily occurrences, precisely because the sender and the recipient are not in the same location.
The statutes at issue in this case-the fifth-degree-criminal-sexual-conduct statute and the indecent-exposure statute-prohibit a person from lewdly exposing or exhibiting his or her genitals "in the presence of a minor under the age of 16." Minn. Stat. §§ 609.3451, subd. 1(2), 617.23, subds. 1(1), 2(1) (2016). Appellant Daniel Decker and the child were not in the same physical location when the alleged crimes occurred. Instead, each was at their own home when Decker took a photograph of his genitals and sent it, via text message, to a 14-year-old girl. The plain meaning of the phrase "in the presence of a minor under the age of 16" requires the defendant and the child to be in the same physical location when the defendant exposes or exhibits his or her genitals. Decker's conduct was certainly deplorable, but it did not violate either of these statutes. As a result, I respectfully dissent.
I.
The issue presented in this case is the meaning of the phrase "in the presence of a minor." Decker was convicted of fifth-degree criminal sexual conduct for "engag[ing] in masturbation or lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present." Minn. Stat. § 609.3451, subd. 1(2). He also was convicted of indecent exposure for "willfully and lewdly expos[ing] [his] body or the private parts thereof" "in the presence of a minor under the age of 16." Minn. Stat. § 617.23, subds. 1(1), 2(1). To violate either statute, Decker had to exhibit or expose his genitals "in the presence of a minor."[1]
Statutory interpretation begins with an assessment of whether a statute is ambiguous.
*390 See State v. Thonesavanh , 904 N.W.2d 432, 435 (Minn. 2017). "When the words of a statute in their application to an existing situation are clear and free from all ambiguity, we give effect to the plain meaning of the law." State v. Bakken , 883 N.W.2d 264, 267-68 (Minn. 2016) ; see also Minn. Stat. § 645.16 (2016). A statute is ambiguous only when, "as applied to the facts of the case, it is susceptible to more than one reasonable interpretation." Bakken , 883 N.W.2d at 268. To determine whether a statute is ambiguous, we interpret "words and phrases ... according to the rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08 (2016)
A.
The court concludes that the phrase "in the presence of a minor" is ambiguous, and using the canons of construction, construes it to "extend[ ] to simultaneous online communication." The court does not explain how the words in the phrase could be interpreted, let alone reasonably interpreted, to mean "simultaneous online communication with a minor." Instead, the court declares that we have already determined "that the term 'presence' is ambiguous."
The court's ambiguity conclusion ignores well-settled law regarding statutory interpretation. Our case law is clear-the ambiguity of a statute is determined based on the specific factual circumstances presented. See, e.g. , Sorchaga v. Ride Auto, LLC , 909 N.W.2d 550, 555 (Minn. 2018) ("The words of a statute are ambiguous only 'if, as applied to the facts of the particular case , they are susceptible to more than one reasonable interpretation.' " (emphasis added) (quoting Staab v. Diocese of St. Cloud , 813 N.W.2d 68, 73 (Minn. 2012) ) ); State v. Schmid , 859 N.W.2d 816, 820 (Minn. 2015) ("A statute is unambiguous if, as applied to the facts of a case , it is not 'susceptible to more than one reasonable interpretation.' " (emphasis added) (quoting A.A.A. v. Minn. Dep't of Human Servs. , 832 N.W.2d 816, 819 (Minn. 2013) ) ); Chanhassen Estates Residents Ass'n v. City of Chanhassen , 342 N.W.2d 335, 339 (Minn. 1984) ("When the words of a statute or ordinance in their application to an existing situation are clear and free from ambiguity, judicial construction is inappropriate." (emphasis added) ). We have not determined that the phrase "in the presence of a minor" is ambiguous with respect to the factual circumstances presented here-when the defendant and the minor are not in the same physical location.
The court's premise is based entirely on State v. Stevenson , 656 N.W.2d 235, 237 (Minn. 2003), where an adult saw the defendant masturbating in a truck parked 10 to 15 feet from a playground where children were playing. We considered whether the "presence" language in the fifth-degree-criminal-sexual-conduct and indecent-exposure statutes required the State to prove that the minor actually viewed the defendant's conduct. Id. at 239. We concluded that with respect to that circumstance, the presence requirement was ambiguous because it was susceptible to more than one reasonable interpretation. Id. Because the defendant in Stevenson was in the same physical location as the minors, the court's conclusion that the phrase "in the presence of a minor" was ambiguous does not apply here, given that the defendant and the minor were in different physical locations.[2]
*391 B.
As used in the relevant statutes, the phrase "in the presence of a minor" is a prepositional phrase that modifies the respective verb clauses, which are to "engage in ... the lewd exhibition of the genitals" or to "willfully and lewdly expose[ ] the person's" genitals. See Minn. Stat. §§ 609.3451, subd. 1(2), 617.23, subds. 1(1), 2(1). The phrase therefore indicates where the defendant's exposure or exhibition of his or her genitals must occur.
I first consider whether the phrase "in the presence of a minor" is ambiguous as applied to the facts of this case-taking a lewd photograph of genitals and sending it, via text message, to a minor in another physical location. To resolve this issue, I look to the common and ordinary meaning of the phrase "in the presence of a minor." See State v. Haywood , 886 N.W.2d 485, 488 (Minn. 2016) (stating that to determine plain meaning, we "look to the dictionary definitions of th[e] words and apply them in the context of the statute").
While the noun "presence" has several meanings, the definition that applies to the circumstances of this case is "the state or fact of being present; the state of being in one place and not elsewhere; the condition of being within sight or call, at hand, or in a place thought of; the state of being in front of or in the same place as someone or something."[3] Webster's Third New International Dictionary 1793 (2002); see also Black's Law Dictionary 1302 (9th ed. 2009) (defining "presence" as "the state or fact of being in a particular place and time" or "close physical proximity coupled with awareness"); Oxford Dictionary of English 1404 (3rd ed. 2010) (defining "presence" to include "in a particular place" and "existing or occurring in a place or thing"). Thus, the common meaning of "presence" requires a shared physical location.
Based on the common meaning of "presence," the only reasonable interpretation of the phrase "in the presence of a minor" is that the conduct that prepositional phrase modifies must occur in the same physical location as the child. That conduct is the defendant's exposure or exhibition of his or her genitals. See Minn. Stat. §§ 609.3451, subd. 1(2), 617.23, subds. 1(1), 2(1). Accordingly, to violate the fifth-degree-criminal-sexual-conduct or indecent-exposure statutes, the defendant and the child must be in the same physical location when the defendant exposes or exhibits his or her genitals.
My interpretation is consistent with that reached by other courts, which have concluded *392 that the phrase "in the presence of a child" requires the defendant to be in the same physical location as the child when the prohibited conduct occurs.[4] See United States v. Taylor , 640 F.3d 255, 261-63 (7th Cir. 2011) (Manion, J., concurring) (concluding that an Indiana statute that prohibited a person from fondling their own body in the presence of a child required the defendant to be physically present with the child); United States v. Miller , 67 M.J. 87, 88-90 (C.A.A.F. 2008) (concluding that to commit the offense of taking liberties with a child, which required that the accused commit the act in the presence of a child, the act must "be committed in the physical presence of the child"); Selfe v. State , 290 Ga.App. 857, 660 S.E.2d 727, 729 (2008) (holding that to prove an act of child molestation, which required the defendant's act to be committed in the presence of a child, the State had to prove that the defendant and the child "were in the physical presence of each other").
The court claims that if we were to interpret the phrase "in the presence of a minor" to mean in the same physical location, it "would effectively create an exception where adults could expose themselves to minors via the Internet without consequence." The court is wrong. Other criminal statutes, which prohibit sexually explicit electronic communications with minors and the distribution of obscene material, apply to such conduct.[5] See Minn. Stat. §§ 609.352, 617.241 (2016).
In this case, it is undisputed that Decker was at his residence when he took a photograph of his penis. He then sent the photograph, via text message, to a 14-year-old girl who was at her home. Because Decker and the child were not in a shared physical location, Decker did not exhibit or expose his genitals "in the presence of a minor under the age of 16." As a result, I would reverse Decker's convictions.
For the foregoing reasons, I respectfully dissent.

Because the private parts of one's body include the genitals, I will use the term "genitals" in this dissent.

The court claims Stevenson 's conclusion that "presence" was ambiguous applies to the different factual circumstances of this case. As support, it relies on our statement from Engquist v. Loyas , 803 N.W.2d 400, 404-05 (Minn. 2011), that "[o]ur previous interpretation of a statute guides us in determining its meaning." But in Engquist , we did not address whether a statute was ambiguous. Instead, we relied on "our prior construction" of a statute to determine whether the district court's jury instructions misstated the law. See id. at 406-07

The court concludes that there is more than one reasonable interpretation of "presence" by plucking a few words out of a portion of one of these definitions-"the condition of being within sight or call." According to the court, through the use of technology, including the Internet, a person can be " 'within sight' and therefore 'present' without being 'in the same place as someone.' " This conclusion is flawed for two reasons. First, it ignores the rest of the definition, which when viewed as a whole clearly indicates a shared physical location. See Webster's , supra , at 1793 (defining "presence," in part as "the condition of being within sight or call, at hand , or in a place thought of") (emphasis added). Second, it ignores the facts of this case. While Decker and the child were texting each other from their respective homes, neither could see the other. They were not "within sight" of each other when Decker took a photo of his genitals and texted it to the victim. An act does not occur in the "presence" of someone simply because he or she is sent a photograph of that act.

Citing Rabuck v. State , 129 P.3d 861, 867-68 (Wyo. 2006), the court of appeals stated that "[c]ases from other jurisdictions support a conclusion that 'presence' does not necessarily mean 'physical presence.' " State v. Decker , No. A16-083, 2017 WL 1833239, at *3 n.1 (Minn. App. May 8, 2017). The offense at issue in Rabuck , however, did not require the State to prove that it was committed "in the presence of a child." Instead, it involved " 'taking immodest, immoral, or indecent liberties with any child.' " Rabuck , 129 P.3d at 863 n.1, 867 (quoting Wyo. Stat. Ann. § 14-3-105(a) ).

The court claims that "relying on the obscenity statute to prosecute this kind of case would deny effect to the Legislature's intent to punish adults who expose their genitals to children more harshly than adults who expose their genitals to non-consenting adults." This is simply not the case. Decker was convicted of gross misdemeanors, see Minn. Stat. §§ 609.3451, subd. 2 (2016), 617.23, subds. 1(1), 2(1), and a violation of the obscenity statute is also a gross misdemeanor, see Minn. Stat. § 617.241, subd. 3.