**STATE of Minnesota, Respondent,**

v.

**Kerry Dean STEVENSON, Appellant.**

**No. C8–01–505.**

Court of Appeals of Minnesota.

Jan. 8, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Robert M.A. Johnson, Anoka County Attorney, Robert D. Goodell, Assistant County Attorney, Anoka, MN, for respondent.

John M. Stuart, State Public Defender, Leslie J. Rosenberg, Assistant State Public Defender, Minneapolis, MN; and Timothy Mulrooney, Henson & Efron, P.A., Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge, ANDERSON, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, Judge.[*]

Appellant argues that it is impossible to attempt the crime of fifth-degree criminal sexual conduct because fifth-degree criminal sexual conduct is an unintentional crime, while any attempt crime requires specific intent. In addition, appellant argues that there is insufficient evidence to support his convictions. Because we hold that fifth-degree criminal sexual conduct is a specific intent crime and because we conclude there was sufficient evidence to convict appellant, we affirm.

## FACTS

Appellant Kerry Dean Stevenson was convicted of one count of attempted criminal sexual conduct in the fifth degree in violation of Minn.Stat. § 609.3451, subds. 1(2) and 3 (2000), and one count of indecent exposure in violation of Minn.Stat. § 617.23, subd. 2(2) (2000).

On July 23, 2000, appellant was sitting in his pickup truck in a public parking lot when a witness walked past the vehicle and observed appellant masturbating. Appellant's vehicle was parked in a handicapped parking space next to a sidewalk near a playground adjacent to a public beach area.

The state's only witness, Abrian Carpenter, is 6′2″ and was 28 years old at the time of the incident. Carpenter had occasion to peer into the window of appellant's vehicle when he crossed the parking lot on his way back to the beach after purchasing food from a nearby building. He was alerted to appellant's vehicle because it was parked in a handicapped parking space without an identifying handicap marker. According to the witness's statements, Carpenter "noticed the guy's penis in his hand and movement that was familiar to me." Carpenter reported his observations to a lifeguard, who in turn called the police. Before the police arrived, appellant moved his vehicle to a different

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

parking space, and walked to the beach area.

Following an investigation, during which appellant made no statement or admissions of any kind to the police, he was charged with one count of criminal sexual conduct in the fifth degree and one count of indecent exposure.[1]

Appellant waived his right to a jury trial and neither party called any witnesses. Following a "paper trial," the district court found that the state failed to prove that the masturbation occurred in the presence of a minor, an element required by the criminal sexual conduct statute. Instead, the court found that the state proved an attempt by appellant to commit the crime.

The district court found that (1) appellant was in fact masturbating; (2) he was aware of minors playing in front of his vehicle; and (3) an adult walked past appellant's vehicle and observed him masturbating. The court then stated, "the fact that a 13– or 14–year–old did not walk past and see into the car still makes it sufficient, a substantial step towards the completion of the act." The court also found appellant guilty of indecent exposure. Appellant was sentenced to sixteen months and ordered to pay a $1,000 fine.[2] This appeal followed.

## ISSUES

1. Is fifth-degree criminal sexual conduct a specific intent crime that a defendant may be convicted of attempting to commit?

2. Was there sufficient evidence for the district court to convict appellant of at-

tempted fifth-degree criminal sexual conduct?

3. Was there sufficient evidence for the district court to convict appellant of indecent exposure?

## ANALYSIS

### I.

Appellant argues that it is impossible to be guilty of *attempted* fifth-degree criminal sexual conduct because fifth-degree criminal sexual conduct requires proof of a reckless or negligent state of mind and any attempt crime requires a specific intent to commit the underlying crime. Appellant's theory is that since it is impossible to intend to commit a crime based in recklessness or negligence, an attempt charge of fifth-degree criminal sexual conduct is a legal contradiction. *See State v. Zupetz,* 322 N.W.2d 730, 730 (Minn.1982) (holding that a defendant cannot be convicted of attempting to commit an offense for which the mens rea element requires mere recklessness or negligence rather than specific intent).

The interpretation of a statute is a question of law subject to de novo review on appeal. *State v. Lindholm,* 557 N.W.2d 601, 602 (Minn.App.1996), *review denied* (Minn. Feb. 26, 1997). An analysis of a criminal statute must begin with a careful and close examination of the statutory language with reference to the tools of statutory construction provided by the legislature. *State v. Orsello,* 554 N.W.2d 70, 74 (Minn.1996). Such a review is undertaken to ascertain and effectuate legislative intent. *See* Minn.Stat. § 645.16 (2000) (es-

---

1. The offenses were elevated to a felony and a gross misdemeanor, respectively, due to prior convictions.

2. Because Stevenson's convictions arise out of the same behavioral incident, he was sen-

tenced only on the more serious offense of attempted fifth-degree criminal sexual conduct pursuant to Minn.Stat. § 609.035, subd. 1 (2000).

tablishing that legislative intent controls in construing statutes).

■ Fifth-degree criminal sexual conduct is defined as engaging

in masturbation or lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present.

Minn.Stat. § 609.3451, subd. 1(2) (2000). Appellant argues that the additional mens rea needed to prove the "knowing or having reason to know" element of the crime is that of recklessness and negligence. That is to say, if a defendant knows there are minors present, but acts anyway, then he is reckless; but if he merely has reason to know minors are present, but acts anyway, then he is negligent. Under appellant's theory, the statute criminalizes conduct involving reckless disregard for the fact that a minor will see the act or negligent failure to recognize such a risk, thereby making the completed crime an unintentional act that has no specific intent element. *See State v. Schmitz,* 559 N.W.2d 701, 704 (Minn.App.1997) (stating that neither negligence nor recklessness includes specific intent, as required for the crime of attempt), *review denied* (Minn. Apr. 15, 1997).

The state argues that the statutory language makes the crime one of specific intent, requiring knowledge that minors are present. Therefore, under its analysis, one can both logically and legally attempt the offense.

■ When a court seeks to interpret a criminal statute to determine the level of intent required for culpability under the statute, the court must first look to the statutory definitions found in Minn.Stat. § 609.02, subd. 9 (2000). *Orsello,* 554 N.W.2d at 73. That statute provides in relevant part:

When criminal intent is an element of a crime in this chapter, such intent is indicated by the term "intentionally," the phrase "with intent to," the phrase "with intent that," or some form of the verbs "know" or "believe."

(2) "Know" requires only that the actor believes that the specified fact exists.

Minn.Stat. § 609.02, subd. 9(1), (2) (2000). The state argues that the legislature's use of the word "know" in the statute is confirmation that an element of specific intent is required. *See State v. Mullen,* 577 N.W.2d 505, 510 (Minn.1998). In *Mullen,* the supreme court in discussing *Orsello,* noted that the statute at issue in that case did not have the requisite language referencing specific intent from Minn.Stat. § 609.02, such as "intentionally," "with intent to," or "know." *Id.*

Here, the legislature used the criminal intent language of Minn.Stat. § 609.02 to define the crime of fifth-degree criminal sexual conduct; namely, forms of the verb "know." We do not believe the legislature's intent to make specific intent an element of the offense could be more plain. Therefore, we conclude, as a matter of law, that criminal sexual conduct in the fifth degree is a crime that a defendant can legally be convicted of attempting to commit.

## II.

Appellant next contends that the evidence is insufficient to support his conviction of attempted fifth-degree criminal sexual conduct because no minors actually observed him masturbating in his vehicle. This fact is undisputed. In fact, the district court found that the state failed to prove that the masturbation occurred in the presence of a minor, but that appellant's acts constituted a substantial step towards that result.

In reviewing a claim of insufficient evidence, this court must determine whether the evidence, when viewed in the light most favorable to the verdict, is sufficient to allow the factfinder to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). The standard of review is the same for a bench trial as it is for a jury trial. *State v. Davis*, 540 N.W.2d 88, 90 (Minn.App.1995), *review denied* (Minn. Jan. 31, 1996).

Appellant's underlying premise is that the statute is ambiguous. Appellant contends that the language, "in the presence of," is capable of two meanings. Namely, it could mean "in proximity" of a minor or "in view" of a minor.

In law it is probable that different conceptions of "presence" will exist for different purposes. *London v. Maryland Cas. Co.*, 210 Minn. 581, 584, 299 N.W. 193, 194 (1941) (noting that what constitutes presence of officer at commission of crime, for purposes of authorizing arrest without warrant, likely to be wholly dissimilar from that presence required of attesting witnesses to a will). *Compare State v. Pluth*, 157 Minn. 145, 151, 195 N.W. 789, 791 (1923) (holding that a crime is committed "in the presence of" an officer only if the acts constituting the offense become known to the officer through his sense of sight or through other senses), *with State v. Bonn*, 412 N.W.2d 28, 29 (Minn.App. 1987), *review denied* (Minn. Oct. 21, 1987) (adopting advisory committee's comments that the phrase "in the presence of another" with respect to robbery statutes encompasses circumstances where property is taken from a room while the victim was in a nearby room). There is no Minnesota decision defining "in the presence of a minor" for purposes of Minn.Stat. § 609.3451.

We are mindful that any ambiguity in a criminal statute must be resolved in favor of lenity. *State v. Niska*, 514 N.W.2d 260, 265 (Minn.1994). The "rule of lenity" holds that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity toward the defendant. *Orsello*, 554 N.W.2d at 74 (citations omitted).

We conclude that the legislative purpose of the "in the presence of a minor" language is to protect children against the consequences of *observing* the conduct and that a defendant may not be convicted of the completed crime of fifth-degree criminal sexual conduct by merely acting in the proximity of children.

Here, because no minor observed appellant masturbating, the district court found appellant guilty of a "lesser included" attempted fifth-degree criminal sexual conduct. Conviction for an attempt offense requires proof that the actor did the act with "intent to commit that particular offense." *State v. Zupetz*, 322 N.W.2d 730, 734 (Minn.1982) (quotations omitted). That is to say, the state must prove that appellant intended to have children view him masturbating and that he took a substantial step toward completion of that act. *See* Minn.Stat. § 609.17, subd. 1 (2000); *see also State v. Meemken*, 597 N.W.2d 582, 586 (Minn.App.1999), *review denied* (Minn. Sept. 28, 1999).

Appellant argues that only circumstantial evidence exists to find that he intended that a minor observe his conduct and that, by remaining in his enclosed vehicle and making no effort whatsoever to attract attention to himself, he did not have the requisite criminal intent required for attempt. Because appellant made no statement of any kind to the police, the court determined his intent based solely on the surrounding facts and circumstances.

■ Convictions based on circumstantial evidence warrant "stricter scrutiny." *State v. Bias,* 419 N.W.2d 480, 484 (Minn. 1988). In such cases the circumstantial evidence must do more than give rise to suspicion of guilt; "[i]t must point unerringly to the accused's guilt." *State v. Loss,* 295 Minn. 271, 281, 204 N.W.2d 404, 409 (Minn.1973) (quotation & citation omitted). We must ask whether the reasonable inferences legitimately drawn from the circumstantial evidence presented at trial "are consistent with [appellant's] guilt and inconsistent with any rational hypothesis except that of guilt." *State v. Scharmer,* 501 N.W.2d 620, 622 (Minn.1993) (quotations & citations omitted).

Here, the district court found that appellant intentionally drove to a location where children were playing and, although no children actually observed him masturbating, the possibility existed that a child could view him while on top of the playground equipment. Additionally, the court found appellant's acts to be a substantial step toward completion of the crime, stating that a 13–14 year old could have walked by his vehicle and observed him masturbating, just as Carpenter did.

Under these specific facts and when viewed in the light most favorable to the verdict, we conclude that the evidence is sufficient to support the district court's finding of guilt and is consistent with appellant's guilt and inconsistent with any other rational hypothesis.

### III.

Appellant also argues that there was insufficient evidence to convict him of indecent exposure. That statute reads in pertinent part:

A person who commits any of the following acts in any public place, or in any place where others are present, is guilty of a misdemeanor: (1) willfully and lewdly exposes the person's body, or the private parts thereof; * * * (3) engages in any open or gross lewdness or lascivious behavior, or any public indecency other than behavior specified in this subdivision.

Minn.Stat. § 617.23, subd. 1 (2000).

The principle is well established that * * * before the offense of indecent exposure can be established, the evidence must be sufficient to sustain a finding that the misconduct complained of was committed with the deliberate intent of being indecent or lewd.

*State v. Peery,* 224 Minn. 346, 351, 28 N.W.2d 851, 854 (1947). Appellant argues that there is insufficient evidence to sustain a finding that he intended to be indecent because he remained in his vehicle and had no intention of being seen.

■ To establish intent where the act does not occur in a public place or where the act is not certain to be observed, some evidence further than the act itself must be presented. *Peery* at 352, 28 N.W.2d at 854.

Ordinarily, intent is established by evidence of motions, signals, sounds, or other actions by the accused designed to attract attention to his exposed condition, or by his display in a place so public and open that it must be reasonably presumed that it was intended to be witnessed.

*Id.*

The record contains no evidence that appellant endeavored to attract the attention of passers-by by motioning, signaling, or calling to them. Therefore, intent must be discerned by appellant's act in masturbating in his parked vehicle in a public parking lot next to a public beach.

■ There is no case law that defines a parked vehicle as a "public place" under

the indecent exposure statute. Minnesota courts define "public place" as an area in which a person has no reasonable expectation of privacy. *See State v. Bryant,* 287 Minn. 205, 210–11, 177 N.W.2d 800, 803–04 (1970) (finding that an individual has a reasonable expectation of privacy in a public restroom). Therefore, the initial question is whether appellant had a reasonable expectation of privacy while sitting in his parked vehicle.

Historically, there is a diminished expectation of privacy inside a car.

> One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. A car has little capacity for escaping public scrutiny. It travels public thoroughfares where both its occupants and its contents are in plain view.

*United States v. Knotts,* 460 U.S. 276, 281, 103 S.Ct. 1081, 1085, 75 L.Ed.2d 55 (1983) (quoting *Cardwell v. Lewis,* 417 U.S. 583, 590, 94 S.Ct. 2464, 2469, 41 L.Ed.2d 325 (1974)); *see Texas v. Brown,* 460 U.S. 730, 740, 103 S.Ct. 1535, 1542, 75 L.Ed.2d 502 (1983) (stating "[t]here is no legitimate expectation of privacy * * * shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers."). As a result, appellant's argument—that the height of the vehicle and his confinement therein are justification for finding that his expectation of privacy was reasonable—is unsound. Moreover, the fact is that appellant's conduct was observed without effort by a person walking by the vehicle.

Furthermore, given the location of appellant's vehicle, parked next to a public sidewalk adjacent to a beach where there were hundreds of people, it was almost certain that someone would walk by and observe appellant masturbating. *See State v. Peters,* 274 Minn. 309, 316, 143 N.W.2d 832, 837 (1966) (stating that a factfinder may infer that a defendant intended the natural and probable consequences of his act). Under the circumstances, and when the evidence is reviewed in the light most favorable to the verdict, we conclude there is sufficient evidence to sustain appellant's conviction of indecent exposure.

## DECISION

Because sufficient evidence exists for the trial court to convict appellant of attempted fifth-degree criminal sexual conduct and indecent exposure, we affirm.

**Affirmed.**