**STATE of Minnesota, Respondent,**

v.

**Kerry Dean STEVENSON, Petitioner, Appellant.**

**No. C8–01–505.**

Supreme Court of Minnesota.

Feb. 6, 2003.

Mike Hatch, Attorney General, St. Paul, Robert M.A. Johnson, Anoka County Attorney, Robert Goodell, Assistant County Attorney, Anoka, for State of MN.

John M. Stuart, State Public Defender, Marie Wolf, Assistant Public Defender, Minneapolis; Timothy Mulrooney, Special Asst. State Public Defender, Henson & Efron, P.A., Minneapolis, for Kerry Dean Stevenson.

## OPINION

HANSON, Justice.

Appellant Kerry Dean Stevenson was charged with one count of indecent exposure and one count of fifth-degree criminal sexual conduct, which criminalizes certain conduct when performed "in the presence of a minor." The district court found Stevenson guilty of indecent exposure, not guilty of fifth-degree criminal sexual conduct (interpreting the "presence" requirement to mean the conduct, was "actually viewed by a minor"), but guilty of attempted fifth-degree criminal sexual conduct, because Stevenson had taken a substantial step toward having his conduct viewed by a minor. The court of appeals affirmed both convictions. We granted both parties' petitions for review and affirm both convictions, although we affirm the attempt conviction on other grounds because we interpret the "presence" requirement to mean "reasonably capable of being viewed by a minor."

On July 23, 2000, Abrian Carpenter was visiting the public park at Moore Lake Beach in Fridley, Minnesota. Walking near the parking lot, Carpenter noticed a silver pickup truck without a handicapped sticker parked in a handicapped spot. When he approached the driver's side window of the truck, Carpenter saw Stevenson sitting in the driver's seat, masturbating. Stevenson's truck was parked facing a playground area that was only 10 to 15 feet in front of the truck. Carpenter testified that 10 to 15 children, ranging in age from approximately 2 to 13, were playing in the playground.

Carpenter informed a lifeguard of what he had seen, and the lifeguard called the police, who arrested Stevenson. According to subsequent police measurements, the driver's side window of Stevenson's truck was about 3½ feet from the ground. The district court found that the windshield and driver's side window of Stevenson's truck were not tinted.

Stevenson was charged with fifth-degree criminal sexual conduct and indecent exposure. Stevenson waived his right to a jury

trial and agreed to a "paper trial" before the district court.[1] The district court found Stevenson guilty of indecent exposure but not guilty of fifth-degree criminal sexual conduct, because the court interpreted the presence requirement to mean actually viewed by a minor. The court then found Stevenson guilty of the lesser-included (though uncharged) crime of attempted fifth-degree criminal sexual conduct because he had taken substantial steps to be viewed by a minor. Stevenson was sentenced to 16 months in prison and was fined $1,000.

The court of appeals affirmed both convictions. *State v. Stevenson*, 637 N.W.2d 857, 862–64 (Minn.App.2002). As to fifth-degree criminal sexual conduct, the court determined that the presence requirement was ambiguous because it could mean either "in proximity" or "in view" of a minor. *Id.* at 862. It applied the rule of lenity to adopt the narrower "in view" interpretation. *Id.* The court of appeals concluded that because no minor saw Stevenson's conduct, the completed crime had not been proven, but the evidence was sufficient to prove attempt. *Id.* at 863–64.

Stevenson petitioned for review of the sufficiency of the evidence supporting his convictions. The state cross-petitioned for review of the court of appeals' interpretation of the presence requirement in fifth-degree criminal sexual conduct. We granted both petitions.

## I.

■■■ Stevenson claims that there was insufficient evidence to convict him of attempted fifth-degree criminal sexual conduct. The fifth-degree criminal sexual conduct statute provides that

[a] person is guilty of criminal sexual conduct in the fifth degree:

(1) if the person engages in nonconsensual sexual contact; or

(2) the person engages in masturbation or lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present.

Minn.Stat. § 609.3451, subd. 1 (2000). The parties dispute the meaning of the phrase "in the presence of a minor." This is a question of first impression for this court.

### A. Statutory Construction

■■■ Construction of a statute is a legal conclusion; this court thus reviews questions of statutory construction under a de novo standard. *In re A.A.E.*, 590 N.W.2d 773, 776 (Minn.1999). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." *Riley v. 1987 Station Wagon*, 650 N.W.2d 441, 443 (Minn.2002) (quoting Minn.Stat. § 645.16 (2000)). When interpreting a statute, this court first looks "to see whether the statute's language, on its face, is clear or ambiguous." *American Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). A statute is only ambiguous when its language is subject to more than one reasonable interpretation. *Id.* When the statute in question is a criminal statute, courts should resolve ambiguity concerning the ambit of the statute in favor of lenity. *State v. Niska*, 514 N.W.2d 260, 265 (Minn.1994) (citing *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971)).

Stevenson argues that the presence requirement is ambiguous because it is subject to at least two meanings, one broad and one narrow: "in the proximity of a

---

1. In the "paper trial," the state presented its evidence in the form of police reports (including a statement given to police by witness Carpenter) rather than by in-court testimony.

minor" and "actually witnessed by a minor." The state responds that the only reasonable interpretation of the requirement is "reasonably likely to be witnessed by a minor." Neither party is able to provide definitive support for their interpretation and both recognize that the term "presence" may be used to mean different things in different statutes. "In law it is probable that different conceptions of 'presence' will exist for different purposes." *London v. Maryland Cas. Co.*, 210 Minn. 581, 584, 299 N.W. 193, 194 (1941).

We conclude that the plain meaning of the presence requirement is necessarily broader than "actually viewed by a minor," which would be included within but does not define the outer limits of the statutory phrase. The legislature was capable of narrowing the presence requirement by specifically stating that the conduct must actually be viewed by a minor, but it did not do so. Stevenson's narrow interpretation would frustrate the legislative intent that is evident from the choice of a broad phrase and, therefore, is not a reasonable interpretation.

While necessarily broader than "actually viewed by a minor," the presence requirement is subject to two reasonable broader interpretations: either "in the proximity of a minor" or "reasonably capable of being viewed by a minor." Under the rule of lenity, we adopt the narrower of these two reasonable interpretations.[2] *See Niska*, 514 N.W.2d at 265; *Rewis*, 401 U.S. at 812,

91 S.Ct. 1056. Because it is narrower than proximity, we interpret "in the presence of a minor" to mean "reasonably capable of being viewed by a minor." [3]

### B. Sufficiency of the Evidence

■■■ When reviewing a claim of insufficiency of the evidence in a criminal matter, this court determines whether the trier of fact could reasonably conclude that the defendant was guilty of the offense charged. *State v. Landa*, 642 N.W.2d 720, 725 (Minn.2002). We view the evidence in the light most favorable to the decision and assume that the trier of fact disbelieved any testimony in conflict with the result it reached. *Id.*

The district court found Stevenson guilty of *attempted* fifth-degree criminal sexual conduct. Under Minn.Stat. § 609.17, subd. 1,

> Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime * * *.

Minn.Stat. § 609.17, subd. 1 (2000). This court has held that "[s]pecific intent that would give rise to an attempt to commit a certain crime is the intent to commit that particular crime." *State v. Zupetz*, 322 N.W.2d 730, 734 (Minn.1982) (emphasis omitted).

Fifth-degree criminal sexual conduct only requires that the accused's conduct be

---

**2.** Stevenson argues that under the "proximity" interpretation, the instant statute is unconstitutionally vague. *See Bouie v. City of Columbia*, 378 U.S. 347, 351, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). If this were correct, we would adopt the "reasonably capable of being viewed" interpretation for the added reason that, when possible, we construe statutes in order to uphold their constitutionality. *See Hince v. O'Keefe*, 632 N.W.2d 577, 582–83 (Minn.2001). In light of our holding on lenity

grounds, however, we need not address the issue of vagueness.

**3.** We adopt the word "viewed" because it is relevant to the facts of this case. There may be circumstances in which the sexual conduct may be perceived through senses other than sight and still fit the statutory presence requirement, but we do not address that issue here.

reasonably capable of being viewed by a minor. The district court found facts that establish that Stevenson placed himself in a position where he was reasonably capable of being viewed by a minor. The court said that "it would be possible for a child who is climbing on monkey bars or going up the slide to see into a Chevy S–10 pickup truck through the windshield" because he or she "would have an elevated position." The court also noted that a child more than 3½ feet tall would have been able to see into the side windows of the truck, as would a child being carried past the truck by an adult or riding past the truck on a bicycle. The evidence was clear that Stevenson chose this location for his conduct, parking in a handicapped stall directly in front of the playground. Accordingly, we affirm Stevenson's conviction for attempted fifth-degree criminal sexual conduct.

## II.

 Stevenson also challenges his conviction for indecent exposure. The Minnesota indecent exposure statute provides as follows:

A person who commits any of the following acts in any public place, or in any place where others are present, is guilty of a misdemeanor:

(1) willfully and lewdly exposes the person's body, or the private parts thereof;

(2) procures another to expose private parts; or

(3) engages in any open or gross lewdness or lascivious behavior, or any public indecency other than behavior specified in this subdivision.

Minn.Stat. § 617.23, subd. 1 (2000). The district court found Stevenson guilty under subdivisions 1(1) and 1(3) of the statute.[4]

 To prevail in a prosecution for indecent exposure, the state must show that the charged conduct "was committed with the deliberate intent of being indecent or lewd." *State v. Peery*, 224 Minn. 346, 351, 28 N.W.2d 851, 854 (1947); *see also State v. Prince*, 296 Minn. 490, 491, 206 N.W.2d 660, 660 (1973) (following *Peery*). The *Peery* court continued:

To establish intent where the act does not occur in a public place or otherwise where it is certain to be observed, some evidence further than the act itself must be presented. Ordinarily, intent is established by evidence of motions, signals, sounds, or other actions by the accused designed to attract attention to his exposed condition, or by his display in a place so public and open that it must be reasonably presumed that it was intended to be witnessed.

224 Minn. at 352, 28 N.W.2d at 854.

The court of appeals held that Stevenson was masturbating in a "public place" because he had a diminished expectation of privacy in his truck. *Stevenson*, 637 N.W.2d at 864. In doing so, the court noted that it was "almost certain" that Stevenson would be observed, given the large number of people in the immediate vicinity of the truck. *Id.* On these bases, the court concluded that it was reasonable to infer Stevenson's intent to be indecent under the *Peery* standard. *Stevenson*, 637 N.W.2d at 864.

The court of appeals' analysis partially misconstrues *Peery*. In *Peery*, we held that intent to be indecent can be inferred from the fact that the charged conduct

---

**4.** Under subdivision 2(2) of the same statute, Stevenson was charged and convicted of *gross* misdemeanor indecent exposure because of his prior criminal history. *See* Minn.Stat. § 617.23, subd. 2(2).

 

occurs in public "or otherwise where it is certain to be observed." *Peery*, 224 Minn. at 352, 28 N.W.2d at 854. Our concept of "public" was not based on the privacy expectations of the defendant but on the likelihood that the conduct would be witnessed by others. In fact, we can conceive of circumstances where a person has no reasonable expectation of privacy but still would not be guilty of indecent exposure because the likelihood that the conduct would be witnessed is small.[5]

The relevant question is whether Stevenson's conduct was so likely to be observed "that it must be reasonably presumed that it was intended to be witnessed." *Peery*, 224 Minn. at 352, 28 N.W.2d at 854.[6] The court of appeals observed that "given the location of Stevenson's vehicle, parked next to a public sidewalk adjacent to a beach where there were hundreds of people, it was almost certain that someone would walk by and observe Stevenson masturbating." *Stevenson*, 637 N.W.2d at 864. We agree and conclude that the district court properly inferred Stevenson's intent to be indecent.

Affirmed.

---

5. Consider, for example, someone swimming in the nude in a remote lake deep within the Boundary Waters Canoe Area. In a Fourth Amendment context, the person has no reasonable expectation of privacy; but the conduct is extremely unlikely to be witnessed by anyone—and therefore it cannot support a *Peery* inference of intent to be indecent.

6. This reading of "public" comports with the rulings of other states' courts interpreting similar indecent exposure laws. For example, courts have consistently held that while the interior of a car is not necessarily a public place in the context of indecent exposure, a car can be public "under circumstances indicating that the car's interior is visible to a member of the passing public, and that the vehicle is situated in a place where it likely would be observed by such a person." *People v. McNamara*, 78 N.Y.2d 626, 578 N.Y.S.2d 476, 585 N.E.2d 788, 793 (1991); *see also Honeycutt v. State*, 690 S.W.2d 64, 66 (Tex.

App.1985) (overturning conviction for indecent exposure inside a car parked "behind a vacant building next to a fence in a dark parking lot * * * at 2:00 a.m." because it was "highly unlikely that any member of the public * * * would approach [the] car"); *Commonwealth v. Gonzales*, 249 Pa.Super. 359, 378 A.2d 335, 335 (1977) (upholding public indecency conviction where defendant "was observed masturbating in the front seat of an automobile double parked during daylight hours by a city detective and a bank employee"); A.G. Barnett, Annotation, *Criminal Offense Predicated upon Indecent Exposure*, 94 A.L.R.2d 1353, § 12 (collecting cases regarding "public place" in context of indecent exposure); Joel E. Smith, Annotation, *What Constitutes "Public Place" Within Meaning of Statutes Prohibiting Commission of Sexual Act in Public Place*, 96 A.L.R.3d 692 (collecting cases regarding "public place" in context of other similar sex crimes).