**STATE of Minnesota, Respondent,**

v.

**Brian Adam MAAS, Appellant.**

**No. C3–02–2186.**

Court of Appeals of Minnesota.

July 1, 2003.

Samuel A. McCloud, Jeffrey Sheridan, Carson J. Heefner, John A. Price, III, Shakopee, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, and Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge, HARTEN, Judge, and MINGE, Judge.

## OPINION

HARTEN, Judge.

Appellant challenges his conviction of felony driving while impaired, arguing that a 1994 conviction was not a "prior impaired driving conviction" within the meaning of Minn.Stat. § 169A.03, subd. 20 (2002). Because the 1994 conviction was within ten years of the conviction being appealed, we affirm.

## FACTS

Appellant Brian Maas was convicted of driving while impaired in 1994, 1998, and 2000. In 2002, he was found driving his boat with an alcohol concentration of 0.19. He was charged with first degree felony driving while impaired because he had three prior convictions within ten years. *See* Minn.Stat. § 169A.24, subd. 1(1) (2002) (one who violates the statute forbidding driving while impaired "within ten years of the first of three or more qualified prior impaired driving incidents" is guilty of first degree driving while impaired.)

Appellant moved to dismiss on the ground that one of his convictions occurred prior to 1998 and therefore was not a qualified prior impaired driving incident. The district court denied his motion, and he appeals.

## ISSUE

Does the reference to "Minnesota Statutes 1998" in Minn.Stat. § 169A.03, subd. 20(3) (2002), limit the ten-year look-back provision of Minn.Stat. § 169A.24, subd. 1(1) (2002)?

## ANALYSIS

The application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996).

A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:

(1) commits the violation within ten years of the first of three or more qualified prior impaired driving incidents * * *.

Minn.Stat. § 169A.24, subd. 1 (2002). " 'Qualified prior impaired driving incident' includes prior impaired driving convictions and prior impaired driving-related losses of license." Minn.Stat. § 169A.03, subd. 22 (2002).

"Prior impaired driving conviction" includes a prior conviction under:

(1) section 169A.20 (driving while impaired) * * * [or]

(3) Minnesota Statutes 1998, section 169.121 (driver under influence of alcohol or controlled substance) * * *.

Minn.Stat. § 169A.03, subd. 20 (2002). Appellant argues that his 1994 conviction was not under "Minnesota Statutes 1998, section 169.121" and therefore is not a "prior impaired driving conviction" or a "qualified prior impaired driving incident."

This court recently rejected that argument in the context of impaired driving related loss of license. *State v. Coleman,* 661 N.W.2d 296, 297 (Minn.App.2003) ("[a] pre–1998 prior impaired-driving-related loss of license may be used as an aggravating factor under Minn.Stat. § 169A.03, subd. 21(3) (2000)").[1]

> Although subdivision 21(3) refers to the 1998 statute, subdivision 3(1), in defining "aggravating factor," provides a ten-year look-back period. * * * We conclude, therefore, that the language of subdivision 21 is ambiguous.

*Id.* at 299. Having reached this conclusion, the court rejected the interpretation that only events occurring in or after 1998 were aggravating factors because it

> yields an absurd and unreasonable result. * * * Given the strong public policy in favor of preventing drunk driving, it is unlikely that the legislature intended such a result.

*Id.* at 300 (citation omitted).

The same result *Coleman* reached can be achieved by concluding that the statute is unambiguous. When a statute is subject to only one reasonable interpretation, it is not ambiguous. *State v. Stevenson,* 656 N.W.2d 235, 238 (Minn. 2003). Minn.Stat. § 169A.03, subd. 20(3), is subject to only one reasonable interpretation. Minn.Stat. § 169A.20 was the successor statute to Minn.Stat. § 169.121. *See* 2000 Minn. Laws ch. 478, art. 2, § 7 (instructing revisor to delete references to Minn.Stat. § 169.121 and insert references to Minn.Stat. § 169A.20). The *Coleman* court concluded that the statutory interpretation posed by appellant "yields an absurd and unreasonable result." We agree. As indicated by the district court in the instant case, the only reasonable interpretation of Minn.Stat. § 169A.24, subd. 1, Minn.Stat. § 169A.03, subd. 22, and Minn.Stat. § 169A.03, subd. 20, taken together, is that convictions under either of the successive statutes or their antecedents are prior impaired driving convictions and, if three or more of them occurred within ten years of a subsequent conviction, they operate to enhance that conviction to a felony.

Moreover, *Stevenson* held that, when a defendant claimed a statute had both a broad and a narrow interpretation, "[the] narrow interpretation would frustrate the legislative intent that is evident from the choice of a broad phrase and, therefore, is not a reasonable interpretation." *Id.* at 239. Here, the legislature specified that three or more prior convictions within ten years would enhance a conviction; accepting as a valid interpretation the narrowing of that language to "three or more convictions since 1998" would also frustrate the legislative intent.

### DECISION

The reference to "Minnesota Statutes 1998" in Minn.Stat. § 169A.03, subd. 20(3) (2002), does not limit the ten-year look-back provision of Minn.Stat. § 169A.24, subd. 1(1) (2002).

**Affirmed.**

---

1. The relevant language of Minn.Stat. § 169A.03, subd. 21(3) (2000) is identical to the language of Minn.Stat. § 169A.03, subd. 20(3) (2002): the former refers to prior impaired driving-related loss of license and the latter to prior impaired driving conviction under "Minnesota Statutes 1998, section 169.121 (driver under influence of alcohol or controlled substance)." *See also State v. Varner,* No. C9–03–193, 2003 WL 21386550 (Minn.App. Jun. 17, 2003) (following *Coleman* in context of Minn.Stat. § 169A.03, subd. 20(3) (2000)).