STATE of Minnesota, Respondent,

v.

Jerry Ben RETZLAFF, Appellant.

No. A10–2202.

Court of Appeals of Minnesota.

Nov. 21, 2011.

Review Granted Feb. 14, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Janice S. Jude, Mille Lacs County Attorney, Mark J. Herzing, Assistant County Attorney, Tara C. Ferguson–Lopez, Assistant County Attorney, Milaca, MN, for respondent.

David W. Merchant, Chief Appellant Public Defender, Theodora Gaïtas, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; HUDSON, Judge; and WORKE, Judge.

## OPINION

ROSS, Judge.

This appeal requires us to decide whether a repeat drunk driver may avoid conviction as a first-degree offender on what-as he put it-might be "a simple loophole" in the impaired-driving law. In 2006 the legislature bolstered the impaired-driving law so that a person commits first-degree driving while impaired by driving drunk with a previous conviction for substantially injuring another person while driving impaired. Jerry Retzlaff was convicted of criminal vehicular operation in 2000 for substantially injuring another person while driving impaired, and he was charged with drunk driving again in 2009. Between the law's 2006 bolstering and Retzlaff's 2009 violation, the legislature reorganized the criminal-vehicular-operation statute and amended the enhancement provision to track its new numbering. In doing so, the legisla-

ture continued to treat drunk drivers as first-degree offenders if they, like Retzlaff, had been convicted previously of criminal vehicular operation. But Retzlaff has found a plain-language "loophole": the enhancement statute as amended in 2007 refers to the renumbered criminal vehicular operation statute but, unlike its 2006 predecessor statute, it fails to refer to the statute as it was numbered back when Retzlaff was convicted in 2000. Because we are convinced that Retzlaff's literal interpretation would utterly confound the statute's intent, we affirm his conviction of first-degree driving while impaired.

## FACTS

The material facts leading to Retzlaff's first-degree DWI conviction are undisputed. In August 2009, Deputy Terry Boltjes stopped a car on 160th Street in Mille Lacs County after it twice crossed the center line. Deputy Boltjes smelled alcoholic beverages on the driver, Jerry Retzlaff, who told him he did not have a driver's license and admitted that he was intoxicated. The deputy confirmed Retzlaff's admission by field sobriety tests. He arrested Retzlaff for driving while impaired and took him to the county jail. Retzlaff gave a breath sample indicating an alcohol concentration of 0.19. The deputy learned that Retzlaff was convicted in March 2000 of felony criminal vehicular operation and that Retzlaff's driver's license had been cancelled.

The state charged Retzlaff with two counts of driving while impaired (DWI), both of which constituted first-degree offenses because of his March 2000 conviction of criminal vehicular operation. Arguing that the 2000 conviction could not enhance his DWI offenses to first-degree status because the enhancement provision refers to a statute numbered differently from his prior conviction, Retzlaff moved the district court to dismiss both counts for lack of probable cause. Retzlaff pointed out specifically that he had been convicted of criminal vehicular operation under section 609.21, *subdivision 2a*, and that section 169A.24 as currently written expressly enhances an offense to a first-degree felony if the driver was previously convicted under section 609.21, *subdivision 1*. The district court denied Retzlaff's motion to dismiss, and Retzlaff then waived his right to a jury trial and agreed to submit the case to the district court on stipulated facts, preserving his right to appeal the pretrial ruling. *See State v. Lothenbach,* 296 N.W.2d 854, 857–58 (Minn.1980); Minn. R.Crim. P. 26.01, subd. 4.

The district court found Retzlaff guilty and sentenced him to 42 months in prison. Retzlaff appeals.

## ISSUE

Did Retzlaff's conduct constitute first-degree driving while impaired?

## ANALYSIS

Retzlaff challenges his convictions, contending that the state failed to provide sufficient evidence to convict him of first-degree DWI. We analyze insufficient evidence claims by determining whether the evidence, viewed most favorably to the conviction, would allow the factfinder to reach the verdict that it did. *State v. Hurd,* 763 N.W.2d 17, 26 (Minn.2009). The district court's guilty verdict establishes that it believed that the state proved both elements required to convict Retzlaff of first-degree DWI. *See* Minn.Stat. § 169A.24, subd. 1 (2008) (listing elements). The first element required that Retzlaff violated the DWI law. *See id.* This element depended on the state's evidence that Retzlaff "[drove], operate[d], or [was] in physical control of [a] motor vehi-

cle within this state ... when [he was] under the influence of alcohol." Minn. Stat. § 169A.20, subd. 1(1) (2008). Retzlaff's appeal does not concern that element. The second element required that Retzlaff had one of several predicate prior offenses. *See* Minn.Stat. § 169A.24, subd. 1(3). The state was required to prove that Retzlaff "ha[d] previously been convicted of a felony under section 609.21, subdivision 1, clause (2), (3), (4), (5), or (6)." *Id.,* subd. 1(3). Retzlaff's sole contention on appeal focuses on this second element. The district court concluded that Retzlaff's March 2000 conviction satisfies this element even though Retzlaff's prior felony was codified under section 609.21, subdivision 2a, not subdivision 1.

Retzlaff contends that the district court misconstrued and therefore misapplied the second element of the first-degree DWI statute. We review issues of statutory construction de novo. *State v. Koenig,* 666 N.W.2d 366, 372 (Minn.2003).

Retzlaff directs us to the words of the first-degree DWI statute, and he accurately insists that its list of numbered predicate felony offenses ("section 609.21, subdivision 1, clause (2), (3), (4), (5), or (6)") does not mention subdivision 2a, the number of the criminal vehicular operation subdivision at the time he was convicted in 2000. Retzlaff's observation is significant because the legislature advises us to look first to the words of its statutes and, provided those words "in their application to an existing situation are clear and free from all ambiguity," we should enforce them as written rather than search for some hidden meaning. Minn.Stat. § 645.16 (2010).

Although this statutory guidance gives Retzlaff's plain-language argument considerable initial appeal, on rare occasions following the plain words (or in this case, the plain numbers) of a statute might lead us obviously away from, rather than toward, the manifest legislative purpose. The supreme court has cautioned against being so narrowly fixated on a statute's plain language that we reach a result that contradicts what the law more plainly attempts to accomplish. In *State v. Wukawitz,* for example, the supreme court indicated that further construction beyond the plain and unambiguous statutory language is necessary if "the plain meaning leads to absurd or unreasonable results that depart from the purpose of the statute." 662 N.W.2d 517, 525 (Minn.2003). And in *Mutual Service Casualty Insurance Company v. League of Minnesota Cities Insurance Trust,* it summarized its prior decisions and clarified that "the court could disregard the plain language of a statute only where the legislative purpose was clear and the plain meaning would utterly confound that purpose." 659 N.W.2d 755, 761–62 (Minn.2003). So before we follow Retzlaff's urging to apply the plain language of section 169A.24 and overturn his conviction as a first-degree drunk driver, we must first decide whether doing so would utterly confound the legislative purpose.

The legislative purpose of the first-degree DWI provision, now codified as section 169A.24, is self evident. The legislature intends that persons who drive drunk after previous multiple drunk-driving offenses or one of several specified driving-related felonies be subject to conviction as a first-degree DWI offender:

A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person: (1) commits the violation within ten years of the first of three or more qualified prior impaired driving incidents; (2) has previously been convicted of a felony under this section; or (3) has previously been convicted of a felony under section

609.21, subdivision 1, clause (2), (3), (4), (5), or (6).

Minn.Stat. § 169A.24, subd. 1. One of those specified predicate felonies, now codified in section 609.21, subdivision 1, clause (3), is criminal vehicular operation, which is vehicular operation by a person who injures another while having an alcohol concentration of 0.08 or more. Minn. Stat. § 609.21, subd. 1(3) (2008). Retzlaff was previously convicted of criminal vehicular operation after he injured another while driving with an alcohol concentration of more than 0.10. Despite this match in statutory substance, however, Retzlaff would escape the first-degree DWI enhancement that the legislature intended if we adopt his plain-language rationale. And he would do so only because of an irregularity in the statutory numbering of offenses.

The numeric irregularity results from statutory reorganization. In 2001, one year after Retzlaff was convicted of criminal vehicular operation, the legislature created a felony-level DWI offense. *See* Minn.Stat. § 169A.24 (2002). The statute initially enhanced a DWI offense only for drunk drivers with prior DWI convictions. *Id.* The legislature bolstered the statute in 2006 to add that a previous conviction under section 609.21, subdivisions 1, 2, 2a, 3, or 4 also enhanced a DWI offense to first-degree status. *Id.*, subd. 1(3) (2006). This list expressly included Retzlaff's prior conviction of criminal vehicular operation causing substantial injury, which occurred when the offense was numbered as section 609.21, subdivision 2a. But the legislature amended section 609.21 in 2007 and consolidated the related provisions. *See* 2007 Minn. Laws ch. 54, art. 3, § 15, at 251. Most significant to our discussion, it renumbered from subdivision 2a to subdivision 1(3) the offense of criminal vehicular operation causing substantial injury while driving drunk, and it simultaneously changed section 169A.24 to provide that convictions under section 609.21, subdivision 1(3) would enhance a DWI offense to a first-degree felony. *See* Minn.Stat. § 169A.24, subd. 1(3) (Supp.2007); 2007 Minn. Laws ch. 54, art. 3, § 14, at 251.

The irregularity is that the statute *says* essentially the same thing before and after the 2007 amendment but it no longer *does* the same thing if we take a literalist approach. On the face of the statute up to the 2007 amendment, any driver who, like Retzlaff, had previously committed criminal vehicular operation by injuring another person while driving drunk would be subject to conviction as a first-degree offender for a new DWI. And likewise, on the face of the statute *after* the 2007 amendment, any driver who has previously committed criminal vehicular operation by injuring another person while driving drunk would also be subject to conviction as a first-degree offender for a new DWI. But because the enhancement provision continues to refer to the *old* predicate *offense* only by its *new number*, some drunk drivers who previously injured others while driving drunk (those charged under the old numbering scheme rather than the new one, like Retzlaff) would escape the more serious charge that the legislature has consistently assigned to this conduct.

Having considered the statutory irregularity in the context of the statutory purpose, we are convinced that this is one of those rare circumstances in which we cannot both follow a statute's plain language and avoid an absurd result that contradicts the statute's obvious intent. *Cf. State v. Maas*, 664 N.W.2d 397, 398–99 (Minn.App. 2003) (rejecting as unreasonable an interpretation of the unambiguous first-degree impaired-driving statute that, under a literal reading, would have limited to four years the ten-year "look-back" provision

for repeat offenders). Relying entirely on his plain-language theory, Retzlaff fails to account for our duty not to construe statutes in an absurd manner. He therefore offers no practical explanation why his interpretation would not utterly confound the legislature's purpose to enhance DWI offenses for those drunk drivers who, like him, were previously convicted of criminal vehicular operation by injuring others while driving drunk. It is inconceivable to us that the legislature wanted its reorganizing amendment to temporarily suspend a portion of the first-degree DWI enhancements from 2007 until a new group of injurious drunk drivers qualifies by committing the same old predicate offense again under the new statutory numbering.

We hold that a DWI defendant previously convicted of criminal vehicular operation for substantially harming another person while driving drunk is subject to conviction of first-degree DWI regardless of whether his prior conviction occurred when criminal vehicular operation was codified under section 609.21, subdivision 2a or when it was codified under subdivision 1(3).

### DECISION

Because Retzlaff again drove while impaired after he had been convicted in 2000 for criminal vehicular operation causing injury, the district court appropriately relied on the enhancement provision in section 169A.24 to convict him of first-degree DWI. We therefore affirm his conviction.

**Affirmed.**