MCKEIG, Justice.
*386 Daniel Decker was convicted of fifth-degree criminal sexual conduct and indecent exposure for sending a picture of his genitals to a minor via Facebook Messenger. He appeals, arguing that he did not meet the "presence" requirement of either crime because he and the victim were in different physical locations, and because he only sent a likeness of his genitals, rather than exposing his actual genitals. We hold that Decker's simultaneous electronic communications with a minor are sufficient to support his convictions. We therefore affirm the decision of the court of appeals.
FACTS
In the summer of 2014, 14-year-old M.J. babysat for a couple that she met through her sister. During that same summer, Decker moved into the couple's home, and he and M.J. became friends on Facebook. At the time, Decker was 34 years old, and was aware of M.J.'s age.
On September 8, 2014, Decker sent M.J. a video via Facebook Messenger at 12:51 a.m. The video showed only Decker's face, and he asked M.J., "[W]hat's up? Shouldn't you be in bed by now?" Decker explained that he was "just kicking it" and "fixing to go to sleep," and winked at the end of the video. Decker and M.J. then exchanged messages for roughly four minutes, until Decker informed her that he was going to finish "what [he] just started before [he] said hey." When M.J. asked what he meant, Decker explained that he was referring to his nightly ritual to de-stress before falling asleep. M.J. thought that Decker was referring to smoking marijuana, but asked what his ritual was, and he responded, "[i]t's embarrassing kinda." M.J. did not respond to that message, but one minute later, Decker sent M.J. a picture of his erect penis.
Decker was charged with and found guilty by a jury of fifth-degree criminal sexual conduct, under Minn. Stat. § 609.3451, subd. 1(2) (2016), and indecent exposure, under Minn. Stat. § 617.23, subds. 1(1), 2(1) (2016). He appealed, arguing that the convictions must be reversed because (1) he was not physically present with M.J. and (2) he only sent M.J. a likeness of his genitals, rather than exposing his actual genitals.[1] The court of appeals affirmed both convictions. Regarding the fifth-degree criminal sexual conduct conviction, the court of appeals opined that "the history of changes in [ Minn. Stat. § 609.3451 ], public policy underlying that statute, and ... recent caselaw all support an interpretation that the statutory term 'present' encompasses online activity with a minor." State v. Decker , No. A16-0830, 2017 WL 1833239, at *4 (Minn. App. May 8, 2017). The court of appeals also affirmed Decker's indecent exposure conviction, because the picture was transferred to M.J.'s phone within one minute of being taken and Decker and M.J. were simultaneously *387 on their phones. Id. at *6. We granted review.
ANALYSIS
Decker's appeal requires us to interpret Minn. Stat. §§ 609.3451, 617.23 (2016). Statutory interpretation is a question of law, which we review de novo. State v. Henderson , 907 N.W.2d 623, 625 (Minn. 2018).
I.
Fifth-degree criminal sexual conduct includes "engag[ing] in ... lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present." Minn. Stat. § 609.3451, subd. 1(2). Indecent exposure includes "willfully and lewdly expos[ing] the person's body, or the private parts thereof," Minn. Stat. § 617.23, subd. 1(1), and is a gross misdemeanor if such exposure occurs "in the presence of a minor under the age of 16" id. , subd. 2(1). Decker argues that the State failed to prove that he committed either crime, because he was not in M.J.'s presence.
We have previously recognized that the term "presence" is ambiguous. See State v. Stevenson , 656 N.W.2d 235, 239 (Minn. 2003) ("[T]he term 'presence' may be used to mean different things in different statutes.").[2] When a statute is ambiguous, we apply canons of statutory construction to ascertain its meaning. State v. Thonesavanh , 904 N.W.2d 432, 436 (Minn. 2017). Specifically, we may consider the canons provided by the Legislature in Minn. Stat. § 645.16 (2016). Christianson v. Henke , 831 N.W.2d 532, 537 (Minn. 2013). These canons include "the mischief to be remedied," "the object to be attained," and "the consequences of a particular interpretation." Minn. Stat. § 645.16 ; see also Chapman v. Davis , 233 Minn. 62, 45 N.W.2d 822, 825 (1951) (same). All three of these canons support the court of appeals' conclusion that "presence" as used in these statutes extends to simultaneous online communications between the defendant and a minor victim.
The Legislature has recognized the harms of indecent exposure, and has determined that minors under the age of sixteen are entitled to additional protections.
*388 Compare Minn. Stat. § 617.23, subd. 1 (categorizing indecent exposure as a misdemeanor) with id. , subd. 2(1) (categorizing indecent exposure committed "in the presence of a minor under the age of 16" as a gross misdemeanor). Thus, the mischief that Minn. Stat. §§ 609.3451, 617.23 seek to remedy is adults lewdly exposing themselves to children. Likewise, the object to be attained by these statutes is to deter adults from such behavior. The consequences of Decker's proposed interpretation, however, would severely undercut these goals. If we adopted Decker's interpretation of Minn. Stat. §§ 609.3451, 617.23, we would effectively create an exception that allows adults to expose themselves to minors via the Internet without consequence.[3] Such an exception would substantially undermine legislative efforts to protect minors, and is therefore contrary to the Legislature's intent.
In this case, Decker took several lewd images of himself in an aroused state at 12:49 a.m., and began a conversation with 14-year-old M.J. two minutes later. Decker knew that M.J. was 14, and he knew that she was awake and logged into Facebook Messenger. He specifically chose to engage in near-simultaneous conversation with M.J., and thus used technology to effectively enter M.J.'s private room. To end their conversation, Decker said that he would be resuming his nightly ritual, which he admitted was "embarrassing." One minute later, Decker sent M.J. a picture of his genitals. Decker chose to converse with M.J., who he knew was a minor under the age of 16, and he chose to send her a picture of his genitals right after implying that he had been masturbating before the conversation started. Decker's conduct meets the requirements of Minn. Stat. §§ 609.3451, 617.23, and we therefore affirm his convictions.
II.
Decker also argues that Minn. Stat. §§ 609.3451 and 617.23 criminalize only the exposure of actual genitals, not a photographic likeness of genitals. In support of this assertion, Decker argues that the plain meaning of "exhibit," for purposes of Minn. Stat. § 609.3451, is "to show outwardly," "to display," or "to present for others to see." But one can show, display, or present an image to others. Decker's argument that the plain meaning of "expose" is "to make visible" is similarly unhelpful, because one can make an image visible to others. In fact, we have acknowledged that people can be exposed to photographs, and that the exposure to such photographs may have legal significance. See, e.g. , State v. Caldwell , 322 N.W.2d 574, 592 (Minn. 1982) (addressing witnesses' exposure to media photographs of *389 defendant before trial); State v. Martin , 297 Minn. 359, 211 N.W.2d 765, 766 (1973) (holding that it was prejudicial for a jury to be exposed to the defendant's picture in a mug shot photo album). Thus, Decker's arguments about the plain meaning of these two verbs do not vitiate his convictions, and do not change our conclusions in this case.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.
Dissenting, Anderson, J., Gildea, C.J.
DISSENT

Decker took several pictures of his genitals at 12:49 a.m. on September 8, 2014. He did not send one of those pictures to M.J. until 1:03 a.m., and thus argues that the picture he sent is merely a likeness of his genitals.

The dissent argues that Stevenson 's holding that "presence" is ambiguous does not apply here, because the minors and the defendant in Stevenson were in the same physical location, whereas Decker and M.J. were not. We reject this argument for three reasons. First, "[o]ur previous interpretation of a statute guides us in determining its meaning." Engquist v. Loyas , 803 N.W.2d 400, 404-05 (Minn. 2011). In Stevenson , we interpreted the same statutes at issue here, Minn. Stat. §§ 609.3451, 617.23. Stevenson , 656 N.W.2d at 238, 240.
Second, the very definitions that the dissent cites create reasonable but conflicting applications. See Webster's Third New International Dictionary 1793 (2002) (defining "presence," alternately, as "the state of being in front of or in the same place as someone or something" and "the condition of being within sight or call" (emphasis added) ). Through the aid of technology, such as telescopes, binoculars, drones, or the Internet, a person can be within sight, and therefore "present" without being "in the same place as someone." See id. Because there is more than one reasonable interpretation of "presence," even under the dissent's cited definitions, the term "presence" is ambiguous. State v. Thonesavanh , 904 N.W.2d 432, 435 (Minn. 2017).
Third, the dissent's argument that the perpetrator and the victim must be face-to-face runs counter to our holding in Stevenson . In Stevenson , we rejected the argument that "presence" meant "proximity," and instead held that, on those facts, "presence" meant "reasonably capable of being viewed." 656 N.W.2d at 239. Because we have held that being "in the presence of a minor" does not necessarily require "proximity," we decline the dissent's invitation to require the minor and the adult to be in the same physical space.

The dissent argues that Minn. Stat. § 609.352 (2016) (criminalizing the electronic communication of sexually explicit materials to minors) and Minn. Stat. § 617.241 (2016) (criminalizing obscenity) could address cases such as this one. "It is well settled that the same act may constitute an offense ... under several different statutes, and the prosecutor may proceed under whichever ... statute he sees fit." State v. Holt , 69 Minn. 423, 72 N.W. 700, 701 (1897). We are not convinced, however, that either statute properly applies to the facts presented by this case.
Section 609.352, subdivision 2a, requires proof of "the intent to arouse the sexual desire of any person," and the record does not reflect whether Decker had any such intent. Section 617.241 does criminalize the knowing exhibition and distribution of obscene material, including photographs, but neither mentions children nor provides increased penalties for disseminating obscene photographs to children. Thus, relying on the obscenity statute to prosecute this kind of case would deny effect to the Legislature's intent to punish adults who expose their genitals to children more harshly than adults who expose their genitals to non-consenting adults.