**STATE of Minnesota, Respondent,**

v.

**Richard Earl BONN, Appellant.**

**No. C2–87–248.**

Court of Appeals of Minnesota.

Sept. 15, 1987.

Review Denied Oct. 21, 1987.

C. Paul Jones, Minnesota State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., St. Cloud, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Richard Bonn was convicted of aggravated robbery and second degree assault in violation of Minn.Stat. §§ 609.245 and 609.222 (1986). On appeal, he claims the evidence was insufficient to support the aggravated robbery conviction and that he was denied a fair trial when the prosecutor referred to his counsel as a public defender in front of the jury. We affirm.

## FACTS

Appellant Bonn and Brian Plantenberg rented rooms in a house owned by Alvin Kunkel. Two weeks before the incident in question, Plantenberg had taken a small wooden box containing marijuana paraphernalia from a common area of the house. The box belonged to Bonn, who suspected Plantenberg had taken it.

In the early morning of September 29, 1986, Bonn, accompanied by Jody Amundson, confronted Plantenberg about the missing box. When Plantenberg answered the knock on his bedroom door, Bonn and Amundson entered and immediately began to take turns hitting Plantenberg while the other held him down. Plantenberg also alleged that Bonn pulled down his underwear, shoved his fingers into his rectum, and threatened to perform anal intercourse. Albert Golla, who rented the adja-

cent room, testified that he heard both the assault and Bonn's threats.

During the assault, Plantenberg saw Bonn take his wallet from his pant's pocket. Next, they dragged Plantenberg into the downstairs living room where Amundson poked him in the face with a baseball bat approximately three times. Bonn used the bat to strike the back of Plantenberg's legs until Amundson took the bat away from him.

After Plantenberg returned the box as demanded, he was dragged back into the bedroom and beaten further. When Kunkel came downstairs to stop the fight, Bonn closed the bedroom door and continued the assault. Plantenberg was then dragged upstairs to the living room. Once upstairs, Amundson continued to strike Plantenberg in the face, and threatened Kunkel after he attempted to stop the assault a second time. Bonn briefly returned downstairs and, as he walked out of the house, Plantenberg noticed his wallet in Bonn's back pocket. When he returned downstairs, his clock radio and stereo "boom box" also were missing.

The police officer who took Plantenberg's assault report testified that it was obvious he had been assaulted. The officer took Plantenberg to the hospital where he was diagnosed as having a broken nose and numerous bruises and swelling around his face, arms and back.

Bonn's girlfriend at the time of the assault, Jane Berg, testified that Bonn informed her they had severely beaten Plantenberg, and also had taken some of his possessions and thrown them in the river. She later found Plantenberg's clock radio in Bonn's car and turned it over to the police.

Following trial and Bonn's motion for directed verdict, the jury found him guilty of aggravated robbery and second degree assault, but not guilty of first degree criminal sexual conduct.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction?

2. Was appellant denied a fair trial by the prosecutor's reference to his counsel as a public defender in the jury's presence?

## ANALYSIS

1. Upon review of an insufficiency of the evidence claim, the court must determine whether, given the facts in the record and the legitimate inferences drawn from them, a jury could reasonably conclude the defendant was guilty of the offense charged. *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981). This court must view the evidence in the light most favorable to the state, and assume that the jury believed the state witnesses and disbelieved anything that contradicted their testimony. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978). The verdict will not be reversed if the jury, giving due regard to the presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt, could reasonably have found the defendant guilty. *Id.*

■ Bonn claims the evidence was insufficient to support his aggravated robbery conviction because of inconsistencies in Plantenberg's testimony as to how his wallet was taken, and because the items allegedly stolen were not taken while Plantenberg was "present" in the room. First, the jury's right to assess witness credibility is given due deference. *State v. Hamilton,* 289 N.W.2d 470, 477 (Minn.1979). Second, under Minn.Stat. § 609.24 (1986), the advisory committee's comments relating to the requirement that property be taken from a person or in one's presence indicate that the presence element "contemplates a case where the property is not on the person but near him and by the use of force the defendant prevents him from defending against the taking of it."

Plantenberg testified that the items were in his room immediately prior to the assault, but missing following the assault. Jane Berg testified that Bonn admitted he took the items, and Plantenberg's clock radio was found in the trunk of Bonn's car. These items either were taken during or immediately after the assault, and although Plantenberg was not in his room

when they were taken, he was nearby in one of the common areas of the house. The robbery clearly took place in Plantenberg's presence since he was "near" the property and prevented from defending against the robbery due to the assault. Given the facts on the record, we find the jury reasonably could have concluded Bonn was guilty of aggravated robbery.

■ 2. In addition, Bonn contends he was denied the right to a fair trial after the prosecutor inadvertently referred to his attorney as a "public defender" during questioning of a witness. He claims prejudice resulted because the jury would take issue with his financial ability to retain counsel and the resulting taxpayer burden. In cases entailing less serious prosecutorial misconduct, the standard for determining harmless error is whether the misconduct played a substantial part in influencing the jury to convict. *State v. Caron,* 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974). In applying the harmless error test, the court looks to the strength of the evidence against the defendant. *State v. Streeter,* 377 N.W.2d 498, 502 (Minn.Ct.App.1985). Here, the misconduct was inadvertent, the prejudicial impact both speculative and minimal, and the evidence implicating Bonn was overwhelming. The alleged misconduct was harmless since it played a minimal part in influencing the jury's decision to convict. We find the appellant was not denied his right to a fair trial as a result of the prosecutor's remarks.

## DECISION

Affirmed.