*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0812**

State of Minnesota,
Respondent,

vs.

Duane Edwin Koski,
Appellant.

**Filed May 18, 2015
Affirmed
Smith, Judge**

Pine County District Court
File No. 58-CR-11-159

Lori Swanson, Attorney General, John D. Gross, Assistant Attorney General, St. Paul, Minnesota; and

John K. Carlson, Pine County Attorney, Pine City, Minnesota (for respondent)

Bradford Colbert, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Halbrooks, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm appellant's conviction because the district court did not plainly err by admitting a law enforcement officer's testimony that appellant was intoxicated and because the prosecutor did not solicit improper testimony.

# FACTS

On February 4, 2011, Pine County Sheriff's Deputy Dan Kunz pulled over appellant Duane Koski after seeing Koski's pickup drifting in its lane and crossing the fog line. While talking to Koski, Deputy Kunz noticed that Koski had bloodshot, watery eyes and that his breath smelled of alcoholic beverages. Koski admitted that he had consumed three beers.

Deputy Kunz asked Koski to perform three field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-legged stand test. Deputy Kunz noted multiple indicators of impairment while Koski performed each test. A preliminary breath test yielded a result indicating a .16 alcohol concentration. Deputy Kunz subsequently arrested Koski for driving while impaired (DWI).

The state charged Koski with first-degree DWI, first-degree DWI with an alcohol concentration of .08 or more within two hours, and driving after a suspension. Koski pleaded guilty to driving after a suspension and not guilty to the DWI charges.

At trial, Deputy Kunz testified that when he ran Koski's driver's license during the traffic stop, it came back as suspended. Koski objected, and the district court sustained the objection and instructed the jury to disregard the testimony. In addition, Deputy Kunz testified that, based on his observations of Koski during the traffic stop, he believed that Koski was intoxicated. Koski did not object.

The jury found Koski guilty of first-degree DWI and not guilty of first-degree DWI with an alcohol concentration of .08 or more within two hours.

# DECISION

## I.

Koski argues that the district court erred by allowing the deputy to testify that he believed Koski "was under the influence of alcohol." Koski contends that this testimony was an expert opinion as to an ultimate issue that was unhelpful to the jury because: (1) the jurors were as capable as Deputy Kunz of making that determination, and (2) it reached a legal conclusion. In addition, Koski argues that the error was plain because the rule prohibiting expert testimony on ultimate facts is long-settled law and that the error affected his substantial rights because the deputy's expert opinion was the "lynchpin of the State's case."

We review the admission of unobjected-to testimony for plain error. *State v. Medal-Mendoza*, 718 N.W.2d 910, 919 (Minn. 2006). Under this standard, an appellant "must show that the district court's failure to sua sponte exclude the testimony at issue constituted (1) an error; (2) that was plain; and (3) that affected [appellant's] substantial rights." *Id.* at 919. "[A]n error affects substantial rights if there is a reasonable likelihood that the error had a significant effect on the jury's verdict." *State v. Vance*, 734 N.W.2d 650, 656 (Minn. 2007). If all three requirements are met, we may reverse "to ensure fairness and the integrity of the judicial proceedings." *Id.*

Deputy Kunz testified that, "I believe that [Koski] was, based on my observations and the tests that I administered to the driver, that he was under the influence of alcohol." Because one of the elements of the charged offenses was that Koski was under the influence of alcohol when the deputy stopped him, this testimony went to an ultimate

3

issue to be determined by the jury. Testimony about an ultimate issue is not objectionable if otherwise admissible, Minn. R. Evid. 704, but an expert should not testify about a mixed question of law and fact if the testimony "would merely tell the jury what result to reach," *State v. Lopez-Rios*, 669 N.W.2d 603, 613 (Minn. 2003). In contrast, a lay witness may offer opinions or inferences which are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Minn. R. Evid. 701.

Minnesota courts have permitted law enforcement officers to testify as to their opinion of a defendant's intoxication. *See, e.g.*, *State v. Peterson*, 266 Minn. 77, 80, 123 N.W.2d 177, 180 (1963). Such testimony is not expert opinion testimony merely because the officer has training and experience in the subject of the testimony. *See State v. Ards*, 816 N.W.2d 679, 682-83 (Minn. App. 2012) (stating that testimony based on "personal observations" of the defendant is not "expert opinion testimony"). We conclude that because the deputy's testimony was based on his personal observations of Koski, the deputy was not testifying as an expert. Therefore, the district court did not plainly err by failing to exclude the testimony sua sponte.

Even if the testimony was improper expert opinion testimony, the district court's failure to exclude it did not affect Koski's substantial rights. There was significant, properly admitted evidence supporting the conviction, including testimony about Koski's driving conduct, the smell of alcohol on Koski's breath, his bloodshot and watery eyes, his admission that he had consumed alcohol, his poor performance on all three field

4

sobriety tests, and the results of his urine test. Therefore, there is no reasonable likelihood that any error significantly affected the verdict.

## II.

Koski also argues that the prosecutor committed misconduct by intentionally eliciting evidence regarding appellant's suspended driver's license and that the misconduct was not harmless because it "was a close case." Koski contends that there was little evidence of obvious intoxication while Koski was driving and that the testimony was particularly prejudicial because it invited the jury to speculate as to why Koski's license had been suspended.

We review objected-to prosecutorial misconduct for an abuse of discretion. *See State v. Henderson*, 620 N.W.2d 688, 702 (Minn. 2001). "We will not disturb a district court's conclusion that no misconduct occurred unless the misconduct, viewed in the light of the entire record, was so inexcusable, serious, and prejudicial that the defendant's right to a fair trial was denied." *Id.*

While questioning Deputy Kunz about the traffic stop, the prosecutor asked, "What happened next?" Deputy Kunz replied, "I walked back to my patrol vehicle and ran his driver's license which came back suspended, and then when I walked back up and gave him his license—." Koski objected, and the district court sustained the objection, struck the answer, and instructed the jury to disregard it.

First, we must clarify whether the testimony was inadmissible. Koski states in his brief that evidence of his suspension was suppressed. Koski brought a pretrial motion to suppress, but it did not cover Koski's suspended driving privileges. Instead, Koski

5

pleaded guilty to driving after suspension, removing the issue from the jury's consideration. Because the issue was irrelevant to the elements of driving while intoxicated, the testimony would generally be inadmissible, but not suppressed. *See* Minn. R. Evid. 402 ("Evidence which is not relevant is inadmissible.").

The record does not, however, support Koski's claim that the prosecutor intentionally elicited the testimony. "A reviewing court is much more likely to find prejudicial misconduct when the state intentionally elicits impermissible testimony." *State v. McNeil*, 658 N.W.2d 228, 232 (Minn. App. 2003). The testimony was given in response to an open-ended question. Nothing in the phrasing of the question indicated an intention to elicit testimony about the suspension. The prosecutor also never referenced the testimony in later questioning or closing argument. Based on the record, the elicitation of the testimony appears inadvertent.

Where the prejudicial impact of improper testimony is "speculative and minimal" and there is other strong evidence supporting conviction, the appellant has not been denied his right to a fair trial. *See, e.g.*, *State v. Bonn*, 412 N.W.2d 28, 30 (Minn. App. 1987), *review denied* (Minn. Oct. 21, 1987). Here, the prejudicial impact was speculative and minimal because the jury was instructed to disregard the remark, and we presume that a jury followed instructions. *See State v. Miller*, 573 N.W.2d 661, 675 (Minn. 1998). In addition, there was other strong evidence supporting conviction, as outlined above. Therefore, Koski was not denied his right to a fair trial as a result of the alleged misconduct.

**Affirmed.**

6